## M. G. HOWE, RECEIVER, v. W. O. HARDING.

### No. 3325.

1. **Case Adhered to.**—Howe v. Harding, 76 Texas, 19, adhered to, the litigation growing out of same contract.

2. **Consideration for Right of Way.**—In a contract with a railway company for right of way, it was stipulated with the land owner that the railway company would erect a tank to be supplied with water from a spring near the track, for use of which the railway company was to pay as much per month as it paid to any other on the line for like service. *Held*, that the obligation to pay existed so long as the right of way was used under the contract; the railway could not avoid payment by removal of the tank and ceasing the use of water from the spring.

3. **Res Adjudicata.**—The former suit did not preclude the recovery for the stipulated use of the spring subsequent to such suit; the railway company still using the right of way.

APPEAL from Polk. Tried below before Hon. L. B. HIGHTOWER. The opinion states the case.

*Goldthwaite, Ewing & H. F. Ring,* for appellant.—1. Error apparent of record, in this, that the record shows conclusively that the plaintiff is precluded from recovery by reason of the judgment of December 21, 1888, which was an adjudication between same parties on the same cause of action and for the same matters and things as involved in this suit. Lichtenstein v. Brooks, 75 Texas, 196; Brown v. Warner, 78 Texas, 546; Tinsley v. Boykin, 46 Texas, 592; Howe v. Harding, 76 Texas, 17; Suth. on Dam., pp. 186, 193; Freem. on Judg., 240; Pome. on Rem., 452; Bish. on Con., secs. 837, 1428; Secor v. Sturgis, 16 N. Y., 558; 31 Cent. Law Jour., 435.

2. The consideration for the right of way was in nowise the payments under the contract. The consideration was, that the company should enter into a contract to do a certain thing, and not that it should perform the stipulations of the contract; wherefore it is submitted the ruling of the Supreme Court on a former appeal involving the construction of said contract was erroneous in resting its conclusion on an unwarranted assumption of fact. Brown v. Warner, 78 Texas, 543.

*James E. Hill,* for appellee.—1. The Houston East & West Texas Railway Company having entered into a contract with appellee whereby the company obtained a conveyance of a right of way through the W. O.

Harding lands owned by appellee, and lands in his possession claimed by him and under his control, and the contract being made for appellee's benefit, the company as consideration agreeing to erect a water tank on said right of way, to be supplied from appellee's elevated spring, and to pay appellee per month as settled by the parties as a consideration for the right of way privileges granted, is such a contract that the appellant, receiver of said railway company, can not violate, repudiate, or annul so long as he undisturbed continues to use the right of way obtained by the contract, and the receiver as such is responsible in damages for a breach of the contract occasioned by himself.   Howe v. Harding, 76 Texas, 17; Rev. Stats., arts. 1468, 1470e; High on Receivers, 394c, 394b.

2.   The contract in this case is an executory one, for conveyance of land.   The purchase money being fixed by the contract to be paid in a certain way, appellant can not by attempting to rescind the contract thereby avoid and defeat its terms.   As men bind themselves, so they must stand bound.   Howe v. Harding, 76 Texas, 23, 24, and authorities cited on liens; Walker v. Railway, L. R., 1 Eq., 195; Munns v. Railway, L. R., 8 Eq., 653; Ferrers v. Railway, L. R., 13 Eq., 524; Railway v. Lewton, 20 Ohio St., 401; Proult v. Railway, 57 Mo., 263; Gillson v. Railway, 7 Rich., 180; McAuly v. Railway, 33 Vt., 322; 1 Redf. on Rys., 246; Mills on Em. Dom., 144; 1 Wood Ry. Law, 209; 2 Wood Ry. Law, 785.

3.   Appellant is estopped to deny the contract made with the railway company while he enjoys the benefits of it.   This court can not relieve appellee from the onerous part of a contract solemnly made providing a consideration for a right of way, and allow him to now resort to the law of eminent domain as a lever to annul a contract made to avoid this law.   Warner v. Munsheimer, 2 Ct. App. C. C., sec. 395; Hunt v. Turner, 9 Texas, 389, 390; 3 Wait's Act. and Def., 202; Railway v. Mayor, 1 Hilt., 587.

FISHER, JUDGE, *Section B.*—May 27, 1890, appellee brought this suit against the Houston East & West Texas Railway Company and M. G. Howe, receiver, in damages for breach of a contract made with the railway company by appellee in 1880. The contract sued upon and the breach thereof, and the cause of action as here stated, are the same as that stated in the case of Howe, Receiver, v. Harding, reported in 76 Texas, 19, with the difference, that damages sued for in this case resulted from breach of the contract since December 21, 1888, up to the filing of this suit, and on items of damages that are claimed to have resulted since the trial of the case reported in 76 Texas, and therefore were not embraced in that suit.   The defenses relied on in this case are the same as those relied on in the case reported in 76 Texas, with the additional defense here pleaded, that the contract sued upon is entire, and that

the recovery had by appellee by reason of the judgment rendered in the case of Howe v. Harding, 76 Texas, 19, is res adjudicata, and that appellee is estopped to assert the cause of action here relied on.

Several questions are presented by appellant under his assignment of errors; but we think they are all disposed of adversely to the contention of appellant in the opinion delivered in the case reported in 76 Texas; therefore we deem it unnecessary to notice them further than to refer to the opinion.

The only question that we pass upon is that presented by the plea of res adjudicata. It appears from the contract, that a right of way was granted by appellee to the railway company in 1880, over lands owned and controlled by him; that the railway went into possession of said lands and constructed its road thereon, and has since used and operated the same; that for several years prior to this suit the receiver Howe has been, as receiver, in possession of the road, operating it, and was operating it during the pendency of this suit. The consideration agreed upon by the parties for the grant of the right of way was, that the railway company agreed to erect and maintain a water tank on the land of appellee, to be supplied with water from an elevated spring thereon, which was to be used by the railway company, and for which appellee was to be paid as much per month as the company should pay to any other person on its line for like privilege or service. It appears that the tank was erected and was used by the company in furnishing it water from the spring; that appellant used the tank and spring for like purposes from July, 1885 up to July, 1887, when appellant removed the tank and ceased to use the spring or water therefrom, and from that time refused to pay therefor. It further appears, that other persons along the line of road for similar water service received $50 per month. The court in the case reported in 76 Texas, 22, in speaking of this contract, says: "The contract in question is not shown to have provided in express terms how long appellee should render water service and be entitled to the agreed compensation therefor; but as compensation to be paid for this service embraced the consideration for right of way, the obligation to make compensation must be held to have been intended by the parties to continue as long as the right for which it was to be paid is exercised, unless appellee should violate his part of the contract."

The facts show, that the appellant is reaping the benefits of this contract by continuing the use and enjoyment of the right of way. This the railway company nor he has ever surrendered. The consideration for this right of way is the compensation agreed to be paid to appellee for the privilege and use of the water by the company. The failure of the appellant to use the water does not relieve him of his obligation to pay for the right of way so long as he continues to use it. This amount agreed upon as consideration for the right of way is a sum equal to

that paid per month to any other person on the line of road engaged in furnishing water to the company. The evidence in this case shows, that others for like service are receiving $50 per month. We do not think that the appellant in refusing to use the water and in removing the tank can escape its liability to pay this sum agreed upon so long as he enjoys the use of the right of way. If there had been a breach of the contract to the extent of abandoning not only the use of the water but also the right of way, then an action to recover the damages resulting from this entire breach would have been conclusive of the rights and liabilities of the parties in a second controversy. We do not think the judgment rendered in the former suit was res adjudicata.

We conclude the case should be affirmed, and so report it.

*Affirmed.*

Adopted March 22, 1892.