## E. A. NOEL v. N. B. CLARK ET AL.

Decided January 16, 1901.

**1.—Married Woman—Promissory Note—Purchase of Land.**

A married woman is not liable upon a promissory note not given for necessaries, such as one executed jointly with her husband for the purchase money of land.

**2.—Homestead—Pretended Sale—Vendor's Lien—Innocent Purchaser.**

Homestead rights can not be asserted to defeat a vendor's lien, against a purchaser of the lien notes having no notice that the sale, which was absolute on its face, was merely to raise money and in effect a mortgage.

**3.—Married Woman—Deed—Privy Acknowledgment—Omission of Christian Name.**

A certificate of privy acknowledgment of a deed by a married woman is sufficient, though her Christian name is left blank, where it describes her as the wife.

**4.—Note—Maturity—Limitation.**

The act of a holder of vendor's lien notes not mature in indorsing them as canceled on his purchase of the property securing them at a trustee's sale under another incumbrance, if construed as declaring them then due for default in payment of interest, as by their terms he might do, had not that effect after such trustee's sale had been set aside by the court, and limitation did not then run till their maturity.

**5.—Vendor's Lien—Homestead.**

The wife's homestead rights did not attach to land conveyed to the husband, as against the holder of a vendor's lien note given on such conveyance, though the transaction was an attempt to mortgage the grantor's homestead under guise of a sale.

**6.—Res Judicata—Notes—Vendor's Lien.**

A judgment against the holder of vendor's lien notes, who had plead them as a defense to an action by the payor to recover the land, but had not asked judgment on them, was no bar to a subsequent suit by him to recover on the notes and foreclose the lien.

Appeal from McLennan, Nineteenth District. Tried below before Hon. Marshall Surratt.

*John L. Dyer,* for appellant.

*J. B. Scarborough* and *J. T. Sluder,* for appellees.

COLLARD, ASSOCIATE JUSTICE.—Suit filed September 26, 1899, by appellant against N. B. Clark and Ione Clark and Lewis and Mollie Clark, on two promissory notes, executed by N. B. and Ione, October 1, 1892, to Lewis Clark for $200 each, due respectively at three and four years, bearing 10 per cent per annum, and providing for payment of 10 per cent attorney's fees, each reciting that it was given as part consideration of a lot in the city of Waco, retaining vendor's lien to secure payment. Plaintiff averred that she purchased the notes for value before maturity, Lewis and Mollie Clark indorsing them. It is alleged by plaintiff that October 11, 1892, N. B. and Ione Clark conveyed the lot to Lewis and Mollie Clark, and they, Lewis and Mollie, assumed the payment of the two notes sued on, transferred to plaintiff the deed of N. B. and Ione to Lewis and Mollie retaining vendor's lien to secure the payment of the notes.

Plaintiff further alleged that on August 22, 1892, Lewis Clark, in purchasing the lot from Harry Chamberlain, as part payment, executed notes for $283.75, which last notes were purchased by plaintiff before maturity and were secured by deed of trust on the lot; that the trustee sold the lot, plaintiff becoming the purchaser, and in making the deed through inadvertance and mistake indorsed each of the $200 notes sued on as paid by the deed to the land "described by trustee, Jan. 2, 1894," the indorsement being made on the assumption that plaintiff had become the owner of the property by virtue of the conveyance of the trustee; but subsequently, in a cause in said District Court, styled Mollie Clark v. W. L. Burke and plaintiff, and on appeal to the Court of Civil

Appeals, it was held that the conveyance by the trustee was invalid because of failure of the trustee to sell as directed by the deed of trust, thus leaving the two notes for $200 each in full force in favor of plaintiff against Lewis and Mollie Clark, who had assumed their payment. Plaintiff prayed for judgment and foreclosure of his lien.

Defendants N. B. and Ione Clark pleaded statute of limitation of four years, upon the ground that when the land was reconveyed by them to Lewis and Mollie, it was understood by plaintiffs, N. B. and Ione and R. M. and H. C. Chamberlain, that the notes were to be canceled, the Chamberlains agreeing that they should be canceled and the lot reconveyed to Lewis and Mollie free therefrom, and averring that any stipulation to the contrary in the deed is fraudulent. Defendants N. B. and Ione also alleged that in their reconveyance to Lewis and Mollie they became sureties, and plaintiff extended the time of payment of the notes and thereby released them.

Defendant Mollie Clark set up her liability only as indorser of the notes, and that her liability as such had not been fixed by suit or protest, and that the debt sued on was the debt of N. B. and Ione, and that she had not promised to pay them in writing, pleading the statute of frauds. She also set up the two and four years statutes of limitations, and that the property was her homestead, that its conveyance was a scheme of her husband Lewis and N. B. Clark, plaintiff, and H. C. and R. M. Chamberlain, to enable them to borrow money on her home, and that she was deceived and defrauded into signing the deed by the parties, and received no part of the purchase money. She also pleads res adjudicata, based on her suit against W. L. Burke and plaintiff, in which neither N. B., Ione, nor Lewis Clark were parties.

The trial without jury resulted in judgment in favor of defendants, N. B., Ione, and Mollie Clark, and in favor of plaintiff against Lewis Clark for $767.58, being the amount due on the notes, foreclosure of vendor's lien on one-half undivided interest in the lot, awarding the other half of the lot to Mollie Clark, free from the lien. Plaintiff has appealed.

The findings of fact of the court below are as follows, and we find the same facts, except as herein stated:

"I find that on the 22d day of August, 1892, H. C. Chamberlain executed a deed to Lewis Clark to the lot on which foreclosure is herein sought, and on which said Clark then lived with his family, said Clark at the same time executing to Chamberlain two notes for about $141 each, in part payment for said lot, and a deed of trust on said lot to secure the payment of said notes, in which E. M. Ewing was made trustee.

"On the 1st day of October, 1892, Lewis Clark and his wife, Mollie Clark, who were still living on said lot and occupying the same as a homestead, conveyed the same to N. B. Clark, reciting a cash consideration in the deed and also the execution of two notes here sued upon for

$200 each, drawing 10 per cent per annum interest from date, interest payable semi-annually, and providing that upon default of payment of interest when due the holder thereof might, at his option, declare said notes due and proceed to collect the same, a lien being reserved in the face of said deed and notes to secure the same.

"Lewis Clark and his wife Mollie Clark indorsed said notes, and immediately, or within two or three days thereafter, transferred them for a valuable consideration to plaintiff, the negotiations for the transfer having been conducted on the part of plaintiff through her father, D. D. Noel, who paid plaintiff's money therefor and received said notes for her, plaintiff not having been consulted by her said father in the purchase, and having no knowledge thereof at the time. Lewis Clark and Mollie Clark left on the following night, taking their family, and went to the State of California, where Mollie left Lewis and her children fourteen months thereafter, and returned to Waco.

"On the 11th day of October, 1892, N. B. Clark and his wife Ione Clark reconveyed said lot to Lewis Clark and wife, Mollie Clark, the latter assuming the payment of the notes here sued on as part consideration for the reconveyance. This reconveyance was executed after Lewis and Mollie Clark had gone with their family to California and was forwarded to them by their agent, and was received by Mollie Clark in California.

"I find that the conveyance by Lewis Clark and his wife to N. B. Clark was not intended by the parties to that deed as an actual conveyance of the property, but was a scheme adopted by Lewis Clark and his wife to raise money on their homestead to go to California on, but that the plaintiff in this case, nor her father D. D. Noel, had no knowledge of said facts, but bought said notes believing said transaction to have been a bona fide conveyance of said lot. Thereafter, and before the 2d day of January, 1894, the plaintiff herein purchased the two $141 notes from Mayfield, as assignee thereof, and a short while prior to said date D. D. Noel, acting for his said daughter, handed an envelope containing said trust deed and the two $141 notes secured thereby, and also the two $200 notes herein sued upon, to the trustee E. M. Ewing, and instructed him to sell the property under said deed of trust and in accordance with its terms, and that, purporting to act under said deed of trust, the trustee sold said property on the 2d day of January, 1894, and it was bid in by the plaintiff for the sum of $800, and the trustee thereupon executed to the plaintiff a deed therefor, reciting therein that said two notes for $141 and the two notes herein sued upon had been canceled in payment for said land. The trustee Ewing, who was also an attorney at law, when Noel came in to get the deed to the property, suggested to Noel that as he had purchased the property the two notes here sued upon might as well be canceled, which suggestion was acquiesced in by Noel, and all four of the notes were indorsed, 'Paid by deed to the land,' written by the trustee, but not signed, and all were then returned to Noel by the trustee. No money was paid by Noel to the trus-

tee except expenses of sale, the notes being canceled in lieu of the amount bid.

"After Mollie Clark returned from California she moved back onto the land and was in possession thereof when sold, and when plaintiff attempted to secure possession under a judgment in his favor in a forcible entry and detainer proceeding, said Mollie Clark individually in cause number 6666 in this court, alleging that her husband refused to join her, sued plaintiff, alleging that the property was her homestead and praying an injunction restraining plaintiff from taking possession of said property under said forcible entry and detainer proceeding. She secured a temporary injunction, which was thereafter dissolved and plaintiff was placed in possession of the lot, and Mollie Clark thereafter amended her petition and sued to recover the land and for rents. To this plaintiff replied in his original answer, setting up the fact as to the notes held by him and the sale under the trust deed, her purchase and the conveyance to her by the trustee, and that the two $141 notes and also those here sued upon had been canceled in part payment for the land when conveyed to her by the trustee, and that the deed she received recited such cancellation and was so asserted by her in said suit until her deed was declared void by the Court of Civil Appeals on the 10th day of February, 1897, in an appeal in said cause. That cause came to final trial on the — day of ——, 1900, in this court and upon exception being sustained to a part of defendant Noel's answer, plaintiff herein, she then for the first time amended, filing a trial amendment, praying in the alternative for foreclosure of the two $141 notes, and judgment was entered therein that plaintiff, Mollie Clark, recover the land sued for and rents, and that defendant Noel, plaintiff herein, have foreclosure of the $141 notes. N. B. Clark, Ione Clark, nor Lewis Clark were parties to that suit. Prior to that time, on to wit, the 26th day of September, 1899, plaintiff had instituted this suit for a foreclosure of the $200 notes here sued upon, and said cause No. 6666 was also pending in this court, and defendant Mollie Clark moved in said cause to consolidate said two suits, which being assented to by plaintiff herein, said motion was withdrawn by said Mollie Clark, and hence said causes were not consolidated.

"Prior to March, 1898, Mollie Clark had sued her husband Lewis Clark for divorce, and about that time obtained judgment for divorce against her said husband Lewis Clark, who never moved to this State from California.

"This suit is by plaintiff Noel, to foreclose a lien on the $200 notes, in which N. B. Clark and his wife Ione, and Lewis Clark and Mollie Clark are made defendants.

"No interest was ever paid on these $200 notes, and two installments of interest were past due at the time the sale was made by the trustee and the notes marked canceled, and I find that the effect of plaintiff's acts in connection with that sale was to declare them then due under her option contained in the notes, although no such formal declaration

was made to that effect, and that the statute of limitation began to run against them at that time, viz., the 2d day of January, 1894.

"The deed of October 1, 1892, from Lewis and Mollie to N. B. Clark, recites: 'Know all men by these presents that we, Lewis Clark and his wife, —— Clark, for and in consideration of' etc., 'do sell and convey' etc., and was signed by Lewis Clark and Mollie Clark. The acknowledgment of Lewis Clark is in statutory form for the husband, and continues—'and also before me on this day personally appeared —— Clark, wife of the said Lewis Clark, known to me to be the person whose name is subscribed to the foregoing instrument, and having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said —— Clark, acknowledged such instrument to be her act and deed and declared that she had willingly signed the same for the purposes and considerations therein expressed and she did not wish to retract it.' "

Lewis and Mollie Clark both assumed the payment of the notes sued on, as stated in the deed reconveying the lot back to them by N. B. Clark and his wife Ione. The finding of the court that Mollie Clark was in possession of the lot when sold means when sold by the trustee under the deed of trust.

In suit No. 6666, all the notes for $141 each and $200 each were set up to defeat a recovery by Mollie Clark, Noel being in possession, and judgment was asked in the alternative for amount due by the notes for $141; but such judgment was not asked on the notes for $200 each now in suit. These last two notes were only set up in answer to the suit of Mollie Clark for the lot, to defeat a recovery, and judgment was rendered for her for the lot and rents, which was reduced by the amount found to be due on the two $141 notes for which judgment was rendered for Noel, leaving a balance due Mollie Clark of $6.10 excess of rent over the amount due on the $141 notes. No judgment was asked for the amount due on notes now in suit, and none was rendered as to that.

The history of the litigation in suit number 6666 may be briefly stated as follows: It was an injunction suit brought April 24, 1894, by Mollie Clark, her husband refusing to join her, claiming the lot in controversy as her homestead, against E. A. Noel, to enjoin the enforcement of judgment of forcible entry and detainer obtained by Mrs. Noel, to which Noel answered, setting up her purchase of the lot at trustee's sale, made by the trustee under a deed of trust executed by Lewis Clark to secure the two notes to Chamberlain for $141 each, deed by the trustee to the lot to Noel, the consideration being the same two notes and the two notes for $200 each, all of which four notes were canceled, whereby Noel became the owner of the lot, by virtue of which she recovered the lot in the forcible entry proceeding, and was awarded the possession of the same. Mollie Clark lost the suit, and judgment was awarded Noel for the lot on the ground of her purchase under the deed of trust by Lewis Clark; but that sale was set aside on appeal to the Court of Civil

Appeals of the Third Supreme Judicial District, on the ground that the lot was not advertised as required by the deed of trust by posting notices, the notices being published in a newspaper, whereupon Mollie Clark amended her suit to an action of trespass to try title November 7, 1899, Mrs. Noel setting up all the four notes, and claiming that she could not be ousted until the notes were paid, they each retaining a vendor's lien upon the lot for the purchase money. Both parties were satisfied and abided by the judgment of the Court of Civil Appeals, admitting that the sale under the trust deed was irregular and had been avoided by the judgment of the Court of Civil Appeals, which it is averred reinstated the parties in their rights as before the sale, reinstating the notes for $200 as they were before the sale, and reviving her rights thereunder, and she pleaded the notes, all four of them, as unpaid, to prevent a recovery by Mollie Clark in her action of trespass to try title. In the alternative she asked for judgment on the two notes for $141 each, foreclosure of lien and sale; but no such relief was asked as to the two $200 notes now in suit. That suit resulted in judgment for Mollie Clark for the lot, for Noel on the two notes for $141 as for debt, and for foreclosure; but the rents adjudged in favor of Mrs. Clark exceeding the amount due on the two $141 notes, judgment was rendered for Mrs. Clark for the lot and the excess of rent found to be due. So it is contended by Mrs. Noel that her two notes, the subject of the present suit, are unpaid, and are still due, and were not adjudged in the suit number 6666, which two notes were reinstated as they were at first and are binding, and hence there is no limitation to her action and no res adjudicata. The appellee insists that the matters in this suit have been adjudicated, or at least that res adjudicata will apply, and she files cross-assignments of error to this question. The court below decided against the plea of res adjudicata, but gave judgment for Mollie Clark upon the ground that plaintiff's right of foreclosure as to her one-half interest in the lot was barred by the statute of limitation, foreclosing as to Lewis Clark's half of the lot to pay plaintiff's debt against him.

The Clark women were all married women at the time of the transactions in which the suit originated.

*Opinion.*—It is not deemed necessary to follow the order of the assignments of error as presented, but we will discuss the questions raised by them in deciding the case.

1. In the first place we must say that there was no error in refusing a judgment on the notes sued on against the married women sued, as they could not bind themselves at the time of the transactions or become legally obligated to pay the notes which were not executed for necessaries to them or family or for the preservation of their separate estates. The transaction as to Mollie Clark was before her separation and divorce. A married woman can not bind herself by a promissory note, unless the transaction comes within the exceptions of the statute which

authorizes her to contract. This has been the recognized law of this State since the cases of Kavanaugh v. Brown, 1 Texas, 483 and 484, and Hollis v. Francois, 5 Texas, 195. Subsequent to these decisions there have been a number of decisions construing the statute and holding the same doctrine, and it is too well understood to require citation of authority. See Rev. Stats., arts. 2970, 1201; 1 W. & W. C. C., secs. 936 and 65; 30 Texas, 570; 10 Texas, 130; 18 Texas, 3; 42 Texas, 18; 43 Texas, 221; 53 Texas, 274; 62 Texas, 296; 63 Texas, 287; 53 Texas, 274; 64 Texas, 222; 71 Texas, 370.

. 2. But Lewis Clark and N. B. Clark could bind themselves, and they did do so. The notes of N. B. Clark to Lewis and wife were transferred to Mrs. Noel before maturity, before the reconveyance of N. B. Clark and wife back to Lewis and wife, the sale binding the latter to pay the two notes sued on to Mrs. Noel, who purchased the notes in good faith. They were vendor lien notes, and there was nothing known to Mrs. Noel or her agent of any fact which could defeat the validity of the notes in the hands of Mrs. Noel, as that it was a pretended sale to raise money on their homestead to enable Lewis and wife to move to California. The Noels knew nothing of this and were innocent purchasers in good faith without notice.

3. Mollie Clark objected to the introduction of the deed of herself and husband to N. B. Clark and wife, because of alleged insufficient acknowledgment by her. The acknowledgment of the parties is as follows:

"The State of Texas, County of McLennan.—Before me, R. M. Chamberlain, notary public of McLennan County, Texas, on this day personally appeared Lewis Clark, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and considerations therein expressed. Also before me on this day personally appeared —— Clark, wife of the said Lewis Clark, known to me to be the person whose name is subscribed to the foregoing instrument, and having been examined by me privily and apart from her husband and having the same fully explained to her, she, the said —— Clark, acknowledged such instrument to be her act and deed, and declared that she had willingly signed the same for the purposes and considerations therein expressed and that she wished not to retract it.

"Given under my hand and seal of office, the 7th day of October, 1892. [L. S.] R. M. Chamberlain, Notary Public McLennan Co., Tex."

The acknowledgment of Mollie Clark as a married woman is in form as required by the statute. Her given name is left blank, but it is stated that she is the wife of Lewis Clark, and the certificate so identifies her. That is sufficient, and there was no error in admitting the deed as her deed, and it would be sufficient in the conveyance of the homestead.

4. The statute of limitations had not barred either of the $200 notes at the time the suit was brought. The effect of the judgment of the

Court of Civil Appeals in setting aside the sale under the deed of trust to Noel, with which both parties are satisfied, and which stands as a judgment in full force, was to rescind the sale, the consideration paid by the cancellation of the notes and all matters relating to the sale, leaving the two notes now in suit in force as before, unpaid and unsatisfied. So they were not barred nor was any change effected in them by the sale.

5. Mollie Clark could acquire no homestead right in the premises against Noel's demand, under the facts, she being a party to a sale of the lot so far as the rights of Noel are involved.

6. The court below was not in error in refusing to hold that the proceedings and judgment in suit No. 6666 were res adjudicata of this suit. The notes in this suit were set up only to prevent a recovery of the land while they were unpaid, and no judgment was asked for the amount due by the notes for $200 each. Mollie Clark was not bound to pay the notes now sued on, and no legal judgment could have been rendered against her for the amount due on them, she being feme covert when they were executed; and Lewis Clark, who was bound to pay the notes, was not a party to that suit. Hence no judgment could have been rendered against him in that suit for the amount due on the notes. Nichols v. Dibrell, 61 Texas, 541; James v. James, 81 Texas, 381. If Lewis Clark had been a party to suit No. 6666, which was an action of trespass to try title, we would not be authorized to hold that the judgment would be res adjudicata of this suit to collect the notes for $200 each, as they were not in litigation except to prevent a recovery of the lot while unpaid, and hence were not adjudicated as to amount of debt due. Collateral questions are not involved in a judgment (Philipowski v. Spencer, 63 Texas, 607), and there was no necessity to take judgment on all the notes for the amount due. Howe v. Harding, 84 Texas, 76; James v. James, 81 Texas, 380, 381; 64 Texas, 541. The matter of debt due by the notes was not in issue and was not passed upon. 48 Texas, 508; 49 Texas, 572; 81 Texas, 380.

7. The court erred in decreeing one undivided half of the lot to Mollie Clark free from the lien, and foreclosing the lien on only the other half partitioned to Lewis Clark. The lien should have been foreclosed upon the whole lot, as against both Lewis and Mollie Clark. So the judgment of the lower court is reversed and here rendered for the amount found to be due as was found by the court, as against Lewis Clark, and foreclosing the lien, vendor's lien, for such amount on the whole of the lot against both Lewis and Mollie Clark.

*Judgment of the lower court reversed, reformed and rendered.*