**SOMMERS et al. v. KRAMER et al.**

**No. 10191.**

Court of Civil Appeals of Texas. Galveston.

June 25, 1936.

Rehearing Denied July 23, 1936.

Spafford & Spafford, of Dallas, and R. E. Pennington, of Brenham, for appellants.

Searcy & Hodde, of Brenham, and Crane & Crane, of Dallas, for appellees.

LANE, Justice.

On the 7th day of April, 1923, Rachel Sommers Kramer and her husband, Arnold

T. Kramer, executed and delivered to Mrs. Lotte Sommers their promissory note reading as follows:

"$5000.00    Brenham, Texas, April 7, 1923.

"On Oct. 1st, A. D. 1933, After date, we or either of us promise to pay to Mrs. Lotte Sommer, a feme sole, in Brenham, Washington County, Texas, the sum of Five Thousand ($5000.00) Dollars with interest thereon from this date until paid at the rate of 6% per annum, interest to be paid annually, for value received.

"The first interest to be paid upon this note is to be paid on Oct. 1st, A. D. 1923, and then the interest thereafter is to be paid annually on the first day of each October.

"A failure to pay any installment of interest as it falls due, shall mature the principal of said note at the option of the owner and holder thereof. The makers of this note reserve the right to pay the same or any part thereof on any interest bearing period.

"In case this note is not paid at maturity, and the same is placed in the hands of an attorney for collection, or collected through the Probate Court, then we agree to pay 10% additional on principal and interest as attorney's fees.

"This note is secured by a deed of trust upon 496⅓ acres of land out of the W. P. Kerr League in Washington County, Texas, said Land· being fully described by metes and bounds in said·deed of trust, to which said deed of trust reference is here had for a particular description of said land.

"[Signed] Rachel Sommer Kramer
            "Arnold T. Kramer."

On the 11th day of April, 1923, Rachel Sommer Kramer and Arnold T. Kramer, to secure the payment of the above-mentioned note, executed and delivered to T. A. Low for the benefit of Mrs. Sommers a deed of trust upon certain lands, the personal property of Mrs. Rachel Sommers.

On the 23d day of April, 1923, Mrs. Sommers gave Mrs. Kramer the following check:

"Brenham, Texas, April 23, 1923.

"The First National Bank pay to Mrs. A. T. Kramer $5000.00 Five Thousand and no/100 Dollars.

"Mrs. C. F. Sommers."

Such check was indorsed by Mrs. A. T. Kramer and the $5,000 called for thereby was collected by Mrs. Kramer.

On the 1st day of October, 1923, Mrs. A. T. Kramer (Rachel) gave Mrs. Sommers her check on the Wichita State Bank & Trust Company for the sum of $145, reciting: "Interest in full till Oct. 1st." Mrs. Sommers collected on this check.

It will be noted from the foregoing statement that Mrs. Sommers is in some instances referred to as Mrs. Lotte Sommers, and in others as Mrs. C. F. Sommers, and that she signed some of the papers mentioned as Mrs. C. F. Sommers, but it is apparent from a study of the several transactions mentioned that Lotte Sommers and Mrs. C. F. Sommers is one and the same person.

There was on the back of the note the following: "The interest on this note paid to Oct. 1st, 1923. The sum of $500.00 paid on principal Oct. 1st, 1923. Interest on this note paid to Oct. 1st, 1924, by including the amount of $270.00 in a hand note. 11/1/26 paid inst. $270.00 to 10/1/26. 12/31/29 paid interest to 10/1/29."

Shortly after the October interest for the year 1930 was due, Mrs. Sommers, the holder of the note, sought to recover on the note and to foreclose the deed of trust lien given to secure its payment. Thereafter, Rachel S. Kramer and husband, Arnold T. Kramer, brought this suit against Mrs. Lotte Sommers, widow of C. F. Sommers, deceased, praying that the note and deed of trust mentioned be adjudged to be void and held for naught.

Plaintiffs alleged that the note and deed of trust mentioned were not given to evidence a loan from Mrs. Sommers, the mother of Mrs. Kramer; that prior to the execution and delivery of such instruments Mrs. Sommers stated to plaintiff Mrs. Kramer that she (Mrs. Kramer) would be in need of money from time to time; that Mrs. Sommers would soon have money to let plaintiff have and that the money would be considered by her as advancement out of her estate, and that the whole matter would be adjusted at her death, and that on such advances interest should be paid, but that the principal sum would never have to be repaid; that thereafter, in consummation of such agreement, the mother, Lotte Sommers, paid to the plaintiff Rachel S. Kramer the sum of $5,000; that plaintiff and her husband thereupon executed and delivered to the said Lotte Sommers the $5,000 promissory note and deed of trust mentioned; that the first interest on said note was to be paid by the plaintiff Rachel S. Kramer on October 1, 1923, and further installments of interest were payable by her on the first day of October of each year between October 1, 1923, and October 1, 1933; that the said Lotte Sommers verbally agreed and promised that on October 1st of each year after the execution and delivery of the note she would enter a credit of $500 on the note, the tenth credit thereon to be on October 1, 1933, the due date of said note, and which credits would cancel the entire note and thus extinguish the same on October 1, 1933, without plaintiffs having paid any of the principal of the note; that plaintiffs executed and delivered the note and deed of trust with such understanding; that said Lotte Sommers placed a credit of $500 on the note on October 1, 1923, and that she failed to enter on the note any other $500 credits to principal; that plaintiff Rachel S. Kramer continued to pay interest on the whole amount of the note, believing that her mother would in the end carry out her promise of not calling on her for repayment of the principal of the note; and that when her mother changed her mind and demanded payment of the balance of $4,500 principal of the note, the consideration for the execution of the note and deed of trust failed.

Plaintiffs further alleged that the note and deed of trust were the only part of the alleged agreement which was put in writing, and that the remaining portion of the agreement was in parol, and the pleadings further show that the note and deed of trust, after the delivery thereof to Lotte Sommers, remained in her possession.

Plaintiffs further allege that Lotte Sommers died testate, and that under her will, which has been probated, the appellee Rachel S. Kramer received but $100, and the remainder of her estate of $70,000 was devised and bequeathed to Mrs. Kramer's three brothers and one sister. The provisions of the will of Mrs. Lotte Sommers are pleaded and a copy thereof attached to such pleadings.

Plaintiffs also plead the coverture of Rachel S. Kramer, that Arnold T. Kramer signed the note pro forma, and that

neither of such plaintiffs were liable on said note.

Plaintiffs' petition also contains the following allegations:

"1. That her father departed this life on the 26th day of August, 1920, after he and her mother, Mrs. Lotte Sommers, had accumulated a considerable amount of real and personal property, and left as his only heirs plaintiff, her one sister and her three brothers, viz: John F. Sommers, Oscar L. Sommers, Fred Sommers, and Laura Sommers, now Mrs. Laura Roach.

"2. That in January, 1923, it was mutually agreed between each of said children who constituted the only heirs of the father, he having no grandchildren other than those children of his sons and daughters named herein, each of whom is living today, that the community interest of the father in said property should be partitioned among the several sons and two daughters and the mother.

"3. That this agreement was partially carried out and the lands were divided by deeds dated a few weeks thereafter, giving to the several heirs tracts of land in said deeds described, and giving to plaintiff Mrs. Rachel Kramer the tract of land described.

"4. That she, the said Lotte Sommers, with the consent of her said children, kept the most liquid portion of said estate, estimated by them to be of the value of not less than $60,000.00.

"5. That in the partition of her father's property, she was to get approximately $2700.00 in cash, which would be as much as they could profitably use at that time in any contemplated investment."

Mrs. Lotte Sommers died pending the suit, and left a will by the provisions of which John F. Sommers and Oscar Sommers, her two sons, became the executors thereof. Such executors were thereafter substituted as defendants. As such executors they took possession of the instruments executed and delivered by plaintiffs to Mrs. Lotte Sommers.

After such executors became defendants, they answered by a general demurrer and specially excepted to so much of plaintiffs' petition as attempts to set up and plead the coverture of plaintiff Rachel Kramer, for the reason that such allegations are immaterial, irrelevant, and incompetent, and constitute no defense to de- fendants' cross-action for the foreclosure of the deed of trust mentioned in plaintiffs' petition and described in defendants' cross-action.

Defendants also specially excepted to those clauses of plaintiffs' petition which we have above set out, designated as 1, 2, 3, 4, and 5, respectively, in that they are each and all immaterial, irrelevant, incompetent, prejudicial, and inflammatory. There were also several other special exceptions addressed to plaintiffs' petition. We think, however, that those mentioned are sufficient to present the pertinent exceptions to plaintiffs' petition.

Further answering, defendants denied generally all allegations of plaintiffs' petition and specially denied that the note referred to in their petition was given to evidence an advancement to Mrs. Rachel Kramer, and alleged affirmatively that the same was given for money borrowed by Mrs. Kramer from her mother, Mrs. Lotte Sommers, which was secured by the deed of trust on lands which were the separate estate of Mrs. Rachel Kramer.

Becoming cross-plaintiffs, defendants sought a recovery of the sum due upon the note and a foreclosure of the deed of trust, and again alleged that said instruments were given to evidence a loan of money by the mother to her daughter.

Their prayer was for a recovery of the sum due upon the note executed by Mr. and Mrs. Kramer, and for a foreclosure of the deed of trust lien given to secure the payment of the note, and for attorney's fees as provided for in the note and deed of trust.

Plaintiffs, in their answer to the cross-bill, pleaded that the money obtained by Mrs. Kramer by the execution of the note and deed of trust set out as part of plaintiffs' petition and defendants' cross-bill was not obtained for the benefit of her separate property nor for the support of herself or children, nor for any other purpose for which the statute would make her personally liable and subject her separate property to the payment therefor.

They also again pleaded distinctly her coverture, she being a married woman at the time of all the transactions. They also pleaded separately and jointly that the defendant A. T. Kramer was but a pro forma party to the making of the note and deed of trust; that the money was not procured by him but by his wife;

146

that it was not loaned to him upon his credit nor for any purposes of his own, in that it was secured by deed of trust upon his wife's farm, which was worth more than twice the sum of money which she procured from her mother, it being valued at $12,500.

It was distinctly pleaded by A. T. Kramer that he did not sign said note as principal or otherwise than as a mere matter of form because he was expected to sign same to conform to the rules which they insisted obtained; that the money was given to his wife by the mother, knowing that she kept a separate bank account.

The general demurrer and all special exceptions of defendants addressed to the plaintiffs' petition were by the court overruled, and the cause went to trial before a jury upon special issues.

In answer to special issues Nos. 1, 2, 3, and 5 the jury found: (1) That the money evidenced by the note and deed of trust in question was an advancement and not a loan; (2) that Mrs. Lotte Sommers did not lend the $5,000 evidenced by such note to her daughter, Rachel Kramer, for the benefit of her separate property, or for the purpose of purchasing necessaries for herself and children; (3) that Mrs. Sommers did not lend the $5,000 to A. T. Kramer, husband of Rachel Kramer; and (5) that the $5,000 evidenced by the note was not intended by Mrs. Sommers and the plaintiffs as a loan which was to be paid according to the provisions stated in the note.

On the verdict of the jury and the uncontroverted fact that Mrs. Rachel Kramer, at all times during the taking place of the transactions relative to the execution and delivery of the note and deed of trust involved, and the delivery by Mrs. Sommers of the $5,000 called for therein, was a married woman living with her husband, A. T. Kramer; that the money was paid to Mrs. Kramer as her property; that said money, or any part thereof, was not paid to or advanced to A. T. Kramer; that the lands upon which the deed of trust was given to secure the payment of the note were the separate property of Mrs. Rachel Kramer; and that A. T. Kramer signed said note and deed of trust pro forma only—the court rendered judgment decreeing the cancellation of the note and deed of trust involved in the suit, and reciting and decreeing, in effect, that since the jury had found that the

money (the $5,000) had not been loaned to Mrs. Kramer for the benefit of her separate estate, nor for necessaries for herself and children, and that no part thereof was loaned to A. T. Kramer, the husband, that defendants take nothing by their cross-action, and that plaintiffs go hence without day and recover their costs incurred.

From the judgment so rendered the defendants, John F. Sommers and Oscar L. Sommers, executors of the will of Mrs. Sommers, have appealed.

Appellants have assigned as error the action of the trial court in overruling their special exceptions to those parts of the plaintiffs' petition which we have herein set out and designated as allegations 1 to 5, inclusive, and have assigned as error the admission of certain testimony.

We think the court erred in the particulars pointed out by the assignments mentioned, but as we have reached the conclusion that in view of the uncontroverted and undisputed facts shown, above stated, no judgment other than the one rendered could have been rendered, and the errors pointed out become immaterial and present no reversible error.

In Lynch v. Elkes, 21 Tex. 229, it appears that Mrs. Lynch, a married woman, purchased a tract of land and gave her own and her husband's two several notes for the purchase money, with a lien on the land; that suit was brought on the note first falling due, and judgment was rendered against both Mrs. and Mr. Lynch personally and ordering a sale of the land to satisfy the lien. In that case it is said:

"We are of opinion that there was no error in decreeing the sale of the land for the satisfaction of the vendor's lien. The payment of the purchase money of the land was by two distinct notes, and the vendor's lien on each was equivalent to a mortgage, subject to forfeiture on the failure to pay the notes or either of them. There was error however in a point not suggested by appellants, and that is in rendering any judgment against the wife except for the foreclosure of the lien upon the land. There was no proof that the land purchased was to be her separate property, and, if there had been, Courts would not allow the whole, perhaps, of her separate estate to be sacrificed in attempts to make additional purchases without proof of benefit or advantage, and

with the certainty in fact of detriment and loss. I shall not enter into the discussion of the liabilities of married women. It is manifest at a glance that if obligations of this character were enforced against the property generally of a feme covert, she might be suddenly reduced to penury and the shield of her disability be rendered wholly worthless if not converted into an instrument for her destruction.

"Judgment to be rendered against the wife only to the extent of foreclosure of the lien upon the land."

In Noel v. Clark, 25 Tex.Civ.App. 136, 60 S.W. 356, it is held that a judgment cannot be rendered against a married woman in an action on notes executed by her and her husband, where the notes were not executed for necessaries to her and her family, or for the preservation of her separate estate, since she could not bind herself for their payment.

For the reasons pointed out the judgment is affirmed.

Affirmed.