FIRE ASSOCIATION OF PHILADELPHIA v. HERMANN LOEB.

Decided January 15, 1901.

Negligence—Railway Fires—Burden of Proof.

Where cotton was shipped on an interstate bill of lading which excepted the carrier from liability for loss by fire except from negligence, and provided that the burden of proof of such negligence should be on the shipper, such provisions were met by evidence showing that the fire was communicated to the cotton by sparks from the engine, and a recovery for its loss was warranted unless defendant showed not only a proper equipment with spark arresters, but also a proper handling of the engine.

Appeal from Gregg. Tried below before Hon. J. G. Russell.

*Crane, Greer & Lindsey* and *Young & Stinchcomb,* for appellants.

*F. H. Prendergast,* for appellee.

GARRETT, CHIEF JUSTICE.—The appellee, Herman Loeb, brought suit against the Texas, Sabine Valley & Northwestern Railway Company for the value of thirty bales of cotton, alleged to be worth $1029.98, destroyed by fire while in the possession of said railway company as a common carrier for transportation from Longview, Texas, to Shreveport, La. The defense of the railway company was that the cotton was not burned by its negligence; and that by the contract of shipment as evidenced by the bill of lading the plaintiff released the company from any damage to said cotton by fire. The appellant insurance association

was brought into the case by the railway company upon its insurance of the cotton. The association answered, admitting its insurance of the legal liability of the company, but denied that there was any such liability, pleading the same defense thereof as that set up by the company, pleading in addition, however, that the bill of lading also contained the following provision: "It is further agreed that in case said cotton is found, at the point of delivery, to have been injured by any of the excepted clauses specified in this bill of lading, the burden of proof shall be upon the owner of said cotton, or claimant, to establish that such injury resulted from the fault of the carrier." There was a trial before the court without a jury, and judgment was rendered in favor of the plaintiff against the railway company for the sum of $1062, and in favor of the railway company over against the insurance association for the sum of $1048 and costs.

The cotton was shipped by the plaintiff, as alleged, for transportation from Longview, Texas, to Shreveport, La. The bill of lading limited the liability of the company to its own line, which ended at Timpson, Texas. The provisions excepting the company from liability for loss occasioned by fire, and as to the burden of proof, appeared in the bill of lading as above stated. Defendant company transported the cotton from Longview to Timpson, where a fire broke out in the car in which the cotton was loaded, and it was destroyed while it was still in the possession of the company. The trial court found that the fire originated from sparks from the defendant's engine which was pulling the train, and that the defense had failed to show that it was not set out by the negligence of the company. These findings were, we think, supported by the evidence. While it was shown that the car in which the cotton was being carried was a new car, and that the doors and windows were closed, cleated, and sealed, it appeared from the evidence that this car was the second car from the engine, and that the top of the car next to the engine, which was loaded with lumber, was rotten and was set on fire by sparks from the engine when the train was about six miles from Timpson. This fire was extinguished by the trainmen. There was a window, closed and cleated, in the end of the cotton car next to the car that caught on fire, and it was shown that the fire in the cotton broke out just below this window, but a little to one side of it. The engine was a wood burner, and had set out fires by sparks escaping from it almost daily for from thirty to sixty days prior to this fire. The witness Alexander testified that it threw more sparks than wood burning engines usually do. There was evidence that the engine was properly equipped with a spark-arrester, approved by railroads as being a sufficient spark-arrester; and that the spark-arrester of the engine was as fine as could be used to allow the engine to steam well. There was no evidence as to handling of the engine, whether it was careful or otherwise.

Let it be conceded that the shipment was interstate, and that the defendant company could by contract limit its liability as a common car-

rier, and also that it could make the stipulation as to the burden of proof of negligence, the result reached by the trial court was correct. With the liability of the company thus limited, the case is one of that class of cases for damages arising out of fires set out by sparks escaping from locomotives. The rule in such cases is that when the plaintiff has shown that the fire causing the damage originated from sparks escaping from the locomotive of the defendant, a prima facie case of negligence is thus established, which is rebutted by evidence showing that the engine was supplied with spark arresters and appliances to prevent the escape of sparks such as are approved and used by railroads generally, and that the engine was carefully handled by the company's agents and employes. Railway v. Johnson, 92 Texas, 591, and cases therein cited. The evidence of the plaintiff, as we have seen, satisfactorily showed that the fire originated from sparks escaping from the engine. The defense failed to rebut this prima facie case of the plaintiff thus made. It failed to show that the engine was properly handled, or that the fire was not set out by its negligence. Although it was shown that the car in which the cotton was loaded was a new car, and that the doors and windows were closed and fastened, other evidence showed that the cotton must have been set on fire by sparks from the burning car next to it, which resulted from the negligent escape of sparks from the engine which had been in the habit of setting out fires almost daily, a fact quite inconsistent with the evidence as to the use of the most approved spark-arrester. The plaintiff had the burden of proof to show the negligence of the company, and sustained it by showing that the fire was set out by sparks from the engine. So the provision in the bill of lading was complied with, whether it was such as could have been enforced by law or not. We deem it unnecessary to notice the assignments of error in detail, or the questions sought to be raised by them further than we have already done. There is no error in the judgment of the court below, and it will be affirmed.

*Affirmed.*

Writ of error refused.