Cane Belt Railway Company v. Missouri, Kansas & Texas Railway Company of Texas et al.

Decided November 17, 1906.

**Burning of Cotton—Negligence—Evidence.**

In a suit by one carrier against another for the value of cotton burned in transit, evidence considered, and held to make a prima facie case of negligence against the defendant.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Wm. Masterson,* for appellant.—Where a shipment of freight is made over two lines of railway, they being connecting carriers, and the evidence shows that same was delivered by the initial to the last carrier in apparent good order and condition, the burden of proof is upon said last carrier to show some act of negligence upon the part of the agents or employes of said initial carrier, which contributed to the injury or damage complained of, in order to relieve itself of liability. Lawson on Carriers, sec. 241; Schouler on Bailment and Carrier, sec. 526; Hutchinson on Carriers, sec. 90; Texas & Pac. Ry. v. Adams, 78 Texas, 372; Houston & T. C. Ry. Co. v. Ney, 58 S. W. Rep., 44; Gulf, C. & S. F. Ry. Co. v. Cushney, 67 S. W. Rep., 78; Missouri, K. & T. Ry. Co. v. Mazzie, 68 S. W. Rep., 56; St. Louis & S. F. Ry. Co. v. Byers Bros., 14 Texas Ct. Rep., 433.

*Baker, Botts, Parker & Garwood,* for appellee.

PLEASANTS, Associate Justice.—This suit was brought by W. T. Eldridge against the appellant and the appellee, the Missouri,

Kansas & Texas Railway Company of Texas, to recover the sum of $1,168.35, the value of twenty-four bales of cotton shipped from Bonus, a station on appellant's railway, via the line of the appellee railway to Galveston, Texas. The cotton was destroyed by fire at Sealy, Texas, the point of connection of the two railways. It was admitted by the defendants that both were liable to plaintiff and judgment was rendered accordingly, from which no appeal was taken. Upon the issue between the two defendants as to which was liable for the loss there was a jury trial which resulted in a verdict in favor of the appellee railway.

The following facts are shown by the evidence: The cotton was burned at Sealy, the junction point of the two railroads, on the morning of October 24, 1903. It had reached Sealy over the Cane Belt Railway at about 11:40 p. m. on the evening of the 23d and the car in which it had been transported was shortly thereafter placed by the operators of appellant's train on what is known as the "house track" of the appellee company and the way bill therefor was delivered to the joint agent of the two companies. It had been the uniform custom and practice of the two roads in receiving and delivering cars of freight from and to each other at this junction for the road delivering the car to place it on appellee's house track and deliver the way bill therefor to the joint agent of the two roads, and this had always been accepted as a delivery by the receiving road.

The train which brought this cotton to Sealy had other cars of freight among which were several cars of live stock which were to be shipped north over appellee's road, for which purpose appellee had an engine and crew awaiting at the water tank north of the station about one hundred or one hundred and fifty yards from where the car of cotton was placed. The crew of appellant's train with the engine which had brought the train to Sealy was engaged in switching in the yards for an hour or more after they had placed the car of cotton on the house track. They finished the switching and tied up about 12:40 a. m. At this time no one had discovered any fire in or about the car of cotton and several members of the appellant's crew testified that in leaving the yards for the night they passed near the car and did not see any indication of its being on fire. The car of cotton was found to be on fire about 2:00 a. m. When discovered the fire and smoke were coming out of the top and sides of the car. As soon as the car was found to be on fire the engine of the appellee road, which was then at the water tank and had not been moved during the time the car of cotton was in the yards, was run down and attached to the burning car which it pulled up under the waterspout where an unsuccessful attempt was made to extinguish the fire. No other engine of appellee was in the yard from the time the appellant train arrived with the car of cotton until the fire was discovered.

J. E. Massey, the freight conductor for appellee who was waiting to take the stock train north on appellee's road testified that, "The Cane Belt did a great deal of switching after they arrived. They switched about an hour and five minutes. I observed that the Cane Belt engine was throwing fire while it was doing this switching. Their engine was a small engine, and they could hardly handle the train; it would slide, and the fire would go up as high as thirty feet. Some of

the fire was falling on the house, and some fell on these cars. At some times when it was throwing this fire it was within ten feet of the car of cotton in question. I do not remember that there was any one around that night but the Cane Belt crew, our crew, and the night operator." This witness further testified when he got to the car after it was found to be on fire he discovered that one of its doors was bulged out five or six inches at the .door hinges and the cotton thereby exposed.

The testimony of this witness is not contradicted by any evidence in the record. It is true that it was shown that all of the engines on appellant's road were equipped with the most approved spark arresters, but there is no evidence that the arrester on this engine was in good condition at the time the car of cotton was set on fire, or that it had been recently examined. The undisputed evidence that it was throwing sparks in the manner stated by the witness Massey conclusively shows either that the arrester was out of repair or that from the manner in which the engine was being operated the most approved arrester would not prevent the escape of showers of sparks.

The agent of appellant who attended to the loading of the car at Bonus testified in effect that proper care in the loading of a car of cotton required that the doors should be cleated, that is, that a board or strip of plank should be nailed over the side edges of the doors so as to prevent sparks from passing engines reaching the cotton. He further testified that he always cleated the doors of cars loaded by him, but does not expressly remember doing so on this occasion.

The conductor of the train also testified that he was in a few feet of this car when it was carried past him to be placed on the house track and did not observe that it was not in good condition. He does not say that the door of the car which Massey says was bulged out was on the side of the car next to him at the time he observed the car being placed on the house track.

It may be conceded, as contended by appellant, that the evidence shows that the cotton was set on fire after it was delivered to the appellee road, and therefore appellant could not be held liable to its co-defendant for the loss unless the evidence shows that the fire was caused by the negligence of appellant or its employes, and yet we think the judgment of the court below should be affirmed regardless of any error in the charge of the court, because the undisputed evidence above set out shows that the fire was due to the negligence of appellant and its employes in that the car was not properly cleated, and the spark arrester of the engine was either in poor condition or the engine was negligently handled so as to cause it to emit large quantities of sparks which fell upon and into the car and ignited the cotton. There being no evidence to rebut the *prima facie* case of negligence made by the evidence of appellee road no other judgment than one in its favor could have been properly rendered. (Gulf, C. & S. F. Ry. Co. v. Johnson, 92 Texas, 591.)

This view of the legal consequence of the undisputed evidence renders a discussion of the several assignments of error unnecessary.

The amount recovered by plaintiff in the court below was the value of the cotton with 6 percent interest from the date of its destruction and judgment for like amount was rendered against appellant.

Because in our opinion no other judgment than that rendered could have been properly rendered under the undisputed evidence the judgment of the court below is affirmed.

*Affirmed.*