Lynch v. Elkes.

PARTHENIA LYNCH AND ANOTHER v. ROBERT M. ELKES.

Where two notes are given for land falling due at different periods, it is not error to decree the land to be sold upon the first note coming due, to satisfy the vendor's lien.

Where land is purchased in the name of a married woman, and the notes of herself and husband are given for the purchase money, with a lien on the land, in a suit on the notes no other judgment should be rendered against her but a foreclosure of the lien.  A judgment against her generally in such case is error without proof of benefit and advantage.

Error from Brazoria.  Tried below before Hon. J. H. Bell.

The plaintiff in error purchased a tract of land and gave her own and her husband's two several notes for the purchase money, with a lien on the land, falling due at different times.

The first note falling due suit was commenced on it, and a judgment rendered on it against them and other endorsers, and a decree ordering a sale of the land to satisfy the lien.

*P. MacGreal,* for appellant.

*Wharton & Terry,* for appellees.

HEMPHILL, CH. J. We are of opinion that there was no error in decreeing the sale of the land for the satisfaction of the vendor's lien. The payment of the purchase money of the land was by two distinct notes, and the vendor's lien on each was equivalent to a mortgage, subject to forfeiture on the failure to pay the notes or either of them. There was error however in a point not suggested by appellants, and that is in rendering any judgment against the wife except for the foreclosure of the lien upon the land. There was no proof that the land purchased was to be her separate property, and, if there had been, Courts would not allow the whole, perhaps, of her separate estate to be sacrificed in attempts to make additional purchases without proof of benefit or advantage, and with the certainty in fact of detriment and loss. I shall not enter into the discussion of the liabilities of married women. It is manifest at a glance that if obligations of this character were enforced against the property generally of a *feme covert,* she might be suddenly reduced to penury and the shield of her disability be rendered wholly worthless if not converted into an instrument for her destruction.

Judgment to be rendered against the wife only to the extent of foreclosure of the lien upon the land.

*Judgment reformed.*