BAUMGARTEN AND WIFE V. W. SMITH AND OTHERS.

1. A purchaser of land, who is in default of payment of the purchase-money, cannot dispute his vendor's title, when sued by the latter for possession of the land.
2. A vendor of land whose purchase-money has not been fully paid in accordance with the terms of sale, may recover the land from the vendee, by an action of trespass to try title; but the vendee, it seems, may defeat the action by tendering the unpaid purchase-money.

APPEAL from Jefferson. Tried below before the Hon. Wm. Chambers.

The opinion states the case.

No brief for the appellants.

*Hancock & West*, and *D. Triplett*, for the appellees.

WALKER, J. The only facts material to mention in this case are briefly stated.

Merriman and Smith, claiming title to the property in con-

troversy, about the year 1857 or 1858, made a verbal sale to one Huebsha, then the husband of Mrs. Baumgarten, one of the appellants. Huebsha and wife took possession of the lots, for which they agreed to pay two hundred and twenty-five dollars, and afterwards paid one hundred and thirty dollars in Confederate money. Huebsha is supposed to have died in the Confederate army, and on the 15th of September, 1864, Mrs. Huebsha made a new contract with Smith and Merriman, under which she agreed to pay two hundred and twenty-five dollars, and did pay one hundred dollars, the receipt of which is acknowledged in a title bond. She gave her note for the balance of the purchase-money, payable two years after a treaty of peace, etc. The evidence shows that the note has not been paid.

The law in this case is well settled. The vendee, remaining in possession without payment of the purchase-money, cannot dispute his vendor's title. The vendor had a right to bring his action of trespass to try title, in default of the payment of the purchase-money. The action might have been defeated by a tender of the unpaid purchase-money.

Where both parties deraign title from the same source, and this appears from the pleadings in the case, the plaintiff need not go beyond the common source of title. The judgment in this case is affirmed.

Affirmed.