EMIL BEHRENS v. JAMES V. DIGNOWITTY.

No. 18.

**1. Petition—Evidence Under General Denial.**—D. sued B. on a note for $175, with 8 per cent interest, and 10 per cent on amount as attorney fees, and to foreclose vendor's lien on certain lots, vendor's lien expressly reserved in the note. The petition did not expressly allege the execution and delivery of the note, but alleged an indebtedness by reason of the note, setting it out in full. B. answered by general denial, and on the trial objected to the introduction of the note: (1) Because it was not alleged that the note was executed by him. (2) Note was not the best evidence to show lien. (3) It showed that the deed was the best evidence of such lien. *Held:*

1. Petition, in the absence of an exception, sufficiently averred the execution of the note, and there being no sworn plea denying its execution, it was properly admitted in evidence.

2. The note, on its face, showed it was executed for the purchase money. It was original evidence, and as good evidence of the lien as the deed.

**2. Attorney Fees.**—The allowance of 10 per cent as attorney fees on principal and interest due on the note was proper.

APPEAL from Bexar.    Tried below before Hon. G. H. NOONAN.

*Otto Staffel* and *L. N. Walthall*, for appellant.—1. To authorize the introduction of an instrument in writing upon which a suit is founded, it is necessary to allege its execution by the party charged.   Rev. Stats., art. 2262; Mapes v. Leal's Heirs, 27 Texas, 345; 20 Texas, 80; Greenl. on Ev., sec. 557.

2. The best evidence must be offered.    1 Greenl. on Ev. secs. 82, 84.

*Peter Shields*, for appellee.

NEILL, ASSOCIATE JUSTICE.—This is an appeal from a judgment in favor of appellee against appellant, in which the latter recovered the principal, interest, and attorney fee of 10 per cent due, him on a note given for the purchase money for certain lots situated in the city of San Antonio.

A general denial was the only pleading filed by appellant.

The appellee alleged in his petition, that appellant was indebted to him in the sum of $175, and interest thereon at the rate of 8 per cent per annum from May 22, 1889, and 10 per cent of said amount as attorney fee, due, owing, and unpaid on and according to the terms of *his* certain promissory note, of which the following is a substantial copy, viz.:

" $175.              SAN ANTONIO, TEXAS, May 22, 1888.

" On or before May 22, 1889, I promise to pay to the order of James V. Dignowitty the sum of $175, with interest at the rate of 8 per cent per annum from date hereof until paid, for value received. Payable at the banking house of O'Connor & Sullivan, San Antonio, Texas. This note is given in part payment of the purchase money for lots numbers 9 and 10, in block K, in original city lot number 10, range 4, division I, about one mile east of Alamo Plaza, of the city of San Antonio, county of Bexar, State of Texas, they being the same two lots this day deeded to me by James V. Dignowitty; and for the payment hereof, together with the interest hereon, according to the tenor and reading hereof, a vendor's lien is hereby acknowledged. And in case of legal proceedings on this note, I agree to pay 10 per cent on the amount as attorney fees.

       [Signed]                     " EMIL BEHRENS."

Appellant objected to the introduction of the note in evidence; because, (1) it was not alleged that the note was executed by him; (2) it was not the best evidence to show a reserved lien; and (3) it showed that the deed of appellee to appellant was the best evidence of such lien.

The petition, in the absence of an exception, sufficiently averred the execution of the note, and there being no sworn plea denying its execu-

tion, it was properly admitted in evidence. The note showed upon its face that it was given for the purchase money of the lots described in it, purchased by appellant from appellee; thus showing a vendor's lien independent of the acknowledgment of it contained therein. It was original evidence, and as good evidence of the vendor's lien as the deed. It is only when the note does not in and of itself show all the facts constituting the lien, and that are necessary to a decree of foreclosure, that it is necessary to introduce the deed as the best evidence of the facts constituting the lien.

The allowance of 10 per cent as attorney fee on the principal and interest due on the note was proper. Morrill v. Hoyt, 83 Texas, 59.

There being no error in the case, the judgment of the court below is affirmed.

*Affirmed.*

Delivered September 27, 1893.