GULF, COLORADO & SANTA FE RAILWAY COMPANY v.
W. T. JOHNSON ET AL.

No. 779. Decided April 17, 1899.

**Railway—Negligence—Escape of Fire—Prima Facie Case.**

Proof of injury to plaintiff by fire escaping from a locomotive engine of defendant establishes a prima facie case of negligence on the part of the latter, entitling plaintiff to recover unless rebutted, and the court may so instruct the jury.

QUESTION CERTIFIED by the Court of Civil Appeals for the Fourth District, in an appeal from Harris County.

*J. W. Terry* and *Chas. K. Lee,* for appellant.—Any charge as to a presumption arising from a given state of facts, unless in those cases in which the law raises a conclusive presumption, in the nature of things is a charge upon the weight of the evidence, and although other parts of the charge given may have been correct, such an error will require a reversal of the judgment. Stooksbury v. Swan, 85 Texas, 571; Heldt v. Webster, 60 Texas, 208; Scott v. Pettigrew, 72 Texas, 321; Railway v. Burns, 71 Texas, 481; Clark v. Hills, 67 Texas, 141; Biering v. Bank, 69 Texas, 602; Railway v. Robinson, 73 Texas, 284; Railway v. Burnett, 80 Texas, 536; Kerlicks v. Meyer, 84 Texas, 159; Beaumont, etc., Co. v. Preston, 65 Texas, 451; Hanna v. Hanna, 3 Texas Civ. App., 55; Railway v. Knippa, 27 S. W. Rep., 731; Garteiser v. Railway, 2 Texas Civ. App., 356; Railway v. Lauricella, 87 Texas, 277.

*Burke & Griggs,* for appellees, contra.—Railway v. McDonough, 1 White & W. C. C., sec. 653; Railway v. Timmermann, 61 Texas, 663; Railway v. Hogsett, 67 Texas, 688; Railway v. Witte, 68 Texas, 298; Railway v. Horne, 69 Texas, 646; Railway v. Wallace, 74 Texas, 585; Railway v. Ervay, 3 Willson C. C., sec. 47; Railway v. Rheiner, 25 S. W. Rep., 972; Railway v. Land Company, 26 S. W. Rep., 80; Railway v. Searight, 28 S. W. Rep., 41; Campbell v. Goodwin, 28 S. W. Rep., 273; Railway v. Levine, 29 S. W. Rep., 466; Railway v. Kelley, 30 S. W. Rep., 488; Edwards v. Campbell, 33 S. W. Rep., 764; Railway v. Burnett, 37 S. W. Rep., 781.

BROWN, Associate Justice.—The Court of Civil Appeals made no finding of facts, but based its question upon the following charge given by the court:

"That if from the evidence they believe that sparks of fire escaped from the defendant's engine and set fire to the bed and clothing of the plaintiff, Oceana Johnson, and that said fire was communicated to said plaintiff and injured her, then such facts constitute a prima facie case of negligence on the part of the defendant, and, in the absence of rebutting evidence sufficient to overcome such prima facie case of negligence, will render the defendant liable for the injury occasioned thereby. If, from the evidence, they believe that sparks of fire escaped from the defendant's engine and set the fire which caused the plaintiff's injuries, but if from the evidence they believe that the engine from which the sparks escaped was equipped with the most improved spark arresters in use, and that the agents and employes of the defendant in charge of said engine used ordinary care in operating said engine to prevent the escape of sparks, then they are instructed that the prima facie case made out by proof of escape of sparks and fire resulting therefrom is rebutted, and if they so believe, they will find for the defendant; but if, from the evidence, they believe that the defendant failed to equip its engine from which the sparks escaped that caused the fire with the most approved spark arresters in use, or that the agents and employes of the defendant engaged in operating said engine failed to use ordinary care to prevent the escape of sparks, then they are instructed that the prima facie case made out by proof of sparks escaping and causing the fire has not been rebutted." This charge was in no way qualified by other charges given.

The following question is certified:

"Was the second clause of the main charge objectionable in reference to the prima facie case therein mentioned, and as to rebuttal thereof?

"The objections to such charge are that it improperly shifts the burden of proof to defendant; and that it is on the weight of evidence."

The question certified by the Court of Civil Appeals can best be considered under the following propositions:

1.   Is the charge in question erroneous in stating to the jury what would constitute a prima facie case and entitle the plaintiff to recover?

2.   Does the charge improperly impose the burden upon the railroad company to disprove negligence on its part?

3.   Is the charge obnoxious to the objection that it is upon the weight of the evidence?

It is well settled in this State that in cases of this character proof by the plaintiff that the injury complained of was caused from fire set out by sparks from a railroad locomotive while it was being operated upon the road constitutes a prima facie case, and, if not rebutted, entitles the plaintiff to recover. It was not error for the court to state to the jury that such facts, if proved, entitle the plaintiff to recover unless rebutted by defendant.

The charge in this case did not shift the burden of proof from the plaintiff to the defendant, as is claimed, but, as in every other case where a prima facie right is established, it called upon the defendant to meet the case made in order to defeat the plaintiff's right of recovery.

As a general rule of practice it is not permissible for the court to instruct the jury that the proof of certain facts will establish the fact of negligence upon which the action may be maintained, but in this class of actions a different rule has been established by the decisions of the Supreme Court of this State, and the charge before copied is not subject to the objection that it is upon the weight of the evidence. Railway v. Timmermann, 61 Texas, 660; Ryan v. Railway, 65 Texas, 13; Railway v. Bartlett, 69 Texas, 79; Railway v. Benson, 69 Texas, 407; Railway v. Horne, 69 Texas, 643; Receiver v. Goodwin, 87 Texas, 273; Railway v. Levine, 87 Texas, 437; Railway v. McDonough, 1 White & W. C. C., 354.