## J. M. COBB V. MRS. BETTIE BRYAN.

### Decided November 30, 1904.

**1.—Evidence—Degree of Certainty.**

Evidence which only raises a mere surmise or suspicion of the existence of a fact sought to be established falls short of being "any evidence" and can never sustain a verdict.

**2.—Deed—Misnomer—Evidence.**

Evidence considered and held insufficient to support a finding that a conveyance by deed of trust to the Odd Fellows Building and Savings Association was in fact a misnomer, the real grantee being the Odd Fellows Building and Exchange Company of Texas, under whom plaintiff claimed as a grantee.

**3.—Reversal—Best Evidence.**

Though the evidence adduced upon the main issue was sufficient, when standing alone, to raise the issue, a judgment based upon its decision will be reversed where it is apparent that much more satisfactory evidence was obtainable than that offered on the trial.

**4.—Secretary of State—Records—Evidence.**

Testimony of an attorney that he examined the files in the office of the Secretary of State and failed to find any record of a certain charter was inadmissible, the testimony of the custodian of such records being the proper evidence of its nonexistence.

**5.—Issue Not Passed On by Jury.**

Though the testimony of plaintiff shows such possession of the land in controversy prior to defendant's entry as would entitle her to recover, defendant having failed to show any title, a judgment in her favor can not be affirmed where she was contradicted by the testimony of defendant and the issue was not passed upon by the jury.

Error from the District Court of Harris. Tried below before Hon. W. P. Hamblen.

*O. T. Holt* and *L. B. Moody,* for plaintiff in error.

*H. Masterson* and *A. R. Masterson,* for defendant in error.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by defendant in error against plaintiff in error to recover the south half of ten-acre lot No. 51, a part of tract No. 48, a subdivision of the Obedience Smith survey in Harris County. Both parties claim title under E. P. Claudon, to whom George Goldthwaite conveyed the whole of the ten-acre block, of which the land in controversy is a part, on July 16, 1872. To secure Goldthwaite in the payment of a part of the purchase money for the land, Claudon executed a deed of trust to W. C. Wagley authorizing him in event default was made in the payment of the purchase money note to sell the land and apply the proceeds to payment of the amount due upon said note. Claudon failed to pay the note and at the request of Goldthwaite, Wagley, in the exercise of the power conferred upon him by the trust deed, sold the land. The deed from Wagley, which is of date May

13, 1875, conveys the land to the Odd Fellows Building and Savings Association. At the time of this conveyance the Odd Fellows Building and Exchange Company of Texas, a corporation organized by special Act of the Legislature of this State, was doing business and had its domicile in the city of Houston, Harris County. This corporation had power under its charter to take and hold lands. Dr. James Cowling, T. W. House, A. J. Burke, Henry Curtain and T. E. Brynne, prominent citizens and business men of Houston, were stockholders and officers of the corporation. Shortly after the sale and conveyance of the land by Wagley this corporation went into liquidation and the gentlemen above named were appointed by the stockholders trustees to take charge of and wind up the affairs of the corporation. It is not shown that this corporation or anyone acting for it ever asserted any claim to the land, paid any taxes thereon or exercised any act of dominion over it, or ever knew of the existence of the deed from Wagley to the Odd Fellows Building and Savings Association until the fall of 1896, when J. O. Davis informed some of the trustees above named of the existence of said deed, and made a contract with them by the terms of which he agreed to take possession of the land and hold it for the Odd Fellows Building and Exchange Company of Texas upon condition that they deed him a one-half interest therein. Acting under this contract Davis took possession of the land and fenced it in the fall of 1896 or the following winter. He cultivated it for two years. In 1899 he instituted a suit for partition against the Odd Fellows Building and Exchange Association, claiming one-half of the ten-acre tract under his contract with the trustees of the Odd Fellows Building and Exchange Company of Texas before mentioned. While this suit was pending Davis conveyed his interest in the land to Mrs. Bryan. She intervened in the suit and a judgment in partition was rendered therein on October 25, 1899, awarding her the south half of said ten-acre tract, which is the land in controversy in this suit.

Frank Andrews was employed by the trustees of the Odd Fellows Building and Exchange Company of Texas to represent said company as its attorney in this partition suit. He answered for said company in that suit in the name of the Odd Fellows Building and Exchange Association, the name by which it was sued. Plaintiff over the objection of the defendant proved by Frank Andrews that he had examined the files in the office of the Secretary of State and found no record of any charter granted by the State to any association or company having the name Odd Fellows Building and Savings Association.

On April 15, 1897, E. P. Claudon conveyed the ten-acre tract to John Claudon, and on August 20, 1901, John Claudon conveyed by quitclaim deed to plaintiff in error, J. M. Cobb.

The deed from E. P. to John Claudon was recorded August 9, 1901, and that from John Claudon to plaintiff in error on August 30, 1901. W. C. Wagley, who sold the land under the trust deed in 1875 and executed the conveyance to the Odd Fellows Building and Savings Association also negotiated the sale for John Claudon to plaintiff in error, and received a part of the proceeds of said sale.

Shortly after Cobb got his deed from John Claudon he took possession of the land and fenced it. His fence is on the outside of the lines of the fence built by Davis, and he testifies that when he fenced the land the fence erected by Davis had all disappeared except a few wires near one corner of the land.

As soon as Cobb took possession Mrs. Bryan instituted the suit. She and Davis both testified that when she bought the land from him it was fenced and a part of it in cultivation. She says that the fence was kept until the storm of 1900, by which it was partially destroyed. That she had not repaired the fence at the time Cobb took possession, but that a large portion of it was then standing, and she had not abandoned her possession of the property. She further testifies that she notified Cobb before he purchased from Claudon that she owned the land. There is testimony to the effect that the books of the Odd Fellows Building and Exchange Company of Texas contain entries in regard to this land. These books, though not shown to be lost, were not offered in evidence and the nature of the entries before mentioned is not disclosed.

Wagley, who, as before stated, sold the land as trustee under the Claudon deed and executed the deed to the Odd Fellows Building and Savings Association, was not a witness in the case.

Plaintiff's petition alleges that there was a mistake in this deed in that the real grantee was the Odd Fellows Building and Exchange Company of Texas, and the name appearing in the deed was a misnomer. This was the only issue submitted to the jury by the trial judge. The jury were instructed that if they found from the evidence that plaintiff's allegation as to the misnomer in the deed from Wagley was true, they should find for plaintiff, otherwise they should find for the defendant.

The trial resulted in a verdict and judgment in favor of plaintiff for the land in controversy.

Under an appropriate assignment plaintiff in error assails this verdict on the ground that it is not supported by any evidence. This assignment must be sustained. There is nothing in the evidence above set out from which the jury might reasonably infer that the sale by Wagley was to the Odd Fellows Building and Exchange Company of Texas. When given its strongest probative force this evidence only shows that possibly there was a misnomer in the deed and the real grantee may have been the Odd Fellows Building and Exchange Company of Texas. Evidence which only raises a mere surmise or suspicion of the existence of a fact sought to be established falls short of being "any evidence" and can never sustain a verdict. We think the evidence in this case has only this degree of strength. Joske v. Irvine, 91 Texas, 582; Texas Loan Agency v. Fleming, 92 Texas, 458. It is apparent that if it be true that there was a misnomer of the grantee in the deed from Wagley, much more satisfactory evidence of that fact is obtainable than was produced on this trial, and such being the case we think the judgment should be reversed, even if the evidence adduced, standing alone, was sufficient to raise the issue.

As a general rule the proper method of proving the nonexistence of a record is by testimony of the lawful custodian of such record. Under this rule it seems that the testimony of Frank Andrews, to the effect that he had examined the files in the office of the Secretary of State and failed to find any record of a charter incorporating an association by the name of the Odd Fellows Building and Savings Association, was not admissible. It was competent to show by the witness that he had never heard of a corporation, partnership or business-concern of any kind doing business in Houston or elsewhere under the name stated, but proof as to what was shown by the records in the office of the Secretary of State should be made by the testimony of that officer. Edwards v. Barwise, 69 Texas, 87.

Defendant in error contends that the judgment of the court below should be affirmed on the ground that the evidence shows such prior possession in plaintiff as would entitle her to recover against defendant, who failed to show any title to the land. If it be conceded that the testimony of plaintiff shows such possession of the land by her prior to and at the time of defendant's entry as would entitle her to recover, the defendant having failed to show any title, this evidence was contradicted by the testimony of the defendant. It is clear from the record that the issue thus made was not passed upon by the jury, and therefore we can not affirm the case upon this ground.

Because of the insufficiency of the evidence to sustain the verdict the judgment of the court below is reversed and the case remanded.

*Reversed and remanded.*