ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS V. MALISSIE
MOSS.

Decided December 17, 1904.

#### 1.—Railways—Setting Out Fires—Pleading.

Plaintiff having alleged the failure of the railway to provide and keep in repair suitable spark-arresters as the specific cause of the fire, it was error to submit the overloading and negligent handling of the engine as ground for recovery.

#### 2.—Property Destroyed by Fire—Proof of Value.

The cost of property destroyed by fire is not sufficient, standing alone, to show its value at the time of its destruction.

#### 3.—Negligence—Burden of Proof.

When plaintiff had made out a prima facie case of negligence on the part of defendant in setting fire to his property by sparks from its engine it devolved on defendant to rebut it, but the burden of proof on the whole case was on plaintiff.

Appeal from the County Court of Smith. Tried below before Hon. S. A. Lindsey.

*E. B. Perkins, Marsh & McIlwaine,* and *N. A. Gentry,* for appellant. —1. Plaintiff's petition having specifically alleged that the fire was communicated by reason of a defective spark arrester, and this being the only specific negligence charged, or relied on, it was error to instruct the jury that in order to find for defendant it should "further find from the evidence and believe that the defendant company's

employes were not negligent either in operating said engines at too great rate of speed or loading too heavily for the grade at that place or *in any other manner*, so negligently handled same as to cause it to emit fire to said house or household goods." Railway Co. v. Johnson, 67 S. W. Rep., 182; Railway Co. v. Pool, 10 Texas Civ. App., 682; San Antonio Gas Co. v. Speegle, 60 S. W. Rep., 884; Railway Co. v. Vance, 41 S. W. Rep., 167; Railway Co. v. Vieno, 7 Texas Civ. App., 347.

2. If the evidence established that plaintiff's property was destroyed by sparks emitted from defendant's engine, a prima facie presumption of negligence arose and the burden was on the defendant company to meet such presumption, but it did not devolve upon defendant to show, by a *preponderance of the evidence*, that it was not negligent. Railway Co. v. Johnson, 67 S. W. Rep., 182.

3. There being no proof of the market value of the piano or of its value to the owner in the absence of the market value the evidence failed to furnish a basis upon which the jury could intelligently estimate the damage. City of Dallas v. Allen, 40 S. W. Rep., 324; Wells Fargo Express Co. v. Williams, 71 S. W. Rep., 314.

*W. F. Boyette,* for appellee.—1. Proof of injury by fire escaping from a locomotive engine of defendant establishes a prima facie case of negligence on the part of the latter, entitling plaintiff to recover unless rebutted, and the court may so charge the jury. Railway Co. v. Johnson, 92 Texas, 591; same case, 51 S. W. Rep., 531; Railway Co. v. Wallace, 74 Texas, 581; Railway Co. v. Barnet, 37 S. W. Rep., 779; Campbell v. Goodwin, 87 Texas, 273; Railway Co. v. Levine, 87 Texas, 437; Railway Co. v. Benson, 69 Texas, 407; Railway Co. v. Horne, 69 Texas, 643.

2. The general charge of the court telling the jury that defendant must meet plaintiff's prima facie case of negligence by showing by a preponderance of the evidence that the engines were properly constructed and handled, and the further two special charges of defendant, designed to instruct the jury what degree of care the law required, the degree being named *"ordinary"* care, the whole charge of the court thus submitted correctly presented the law. Railway Co. v. Goodnight, 74 S. W. Rep., 584; Railway Co. v. Hitchins, 63 S. W. Rep., 1070.

3. When the items that were destroyed are specifically set out in the pleading and the value of each separate article valued specifically and the sum total named in the pleading, it is not necessary for plaintiff to prove value unless contested by defendant. The evidence shows the cost of the articles on the market. Plaintiff and other witnesses testified to the reasonable value of each article and that the several amounts opposite each article in the petition were reasonable values.

GILL, ASSOCIATE JUSTICE.—By this suit Malissie Moss sought to recover of the defendant the value of certain household goods destroyed by a fire set by sparks from one of defendant's engines. The specific negligence alleged was the use of unsuitable and defective spark arresters.

The defendant answered by general denial. A trial by jury resulted in a verdict and judgment for plaintiff for $400 from which defendant has appealed.

The errors assigned which we deem it necessary to notice are, in substance, (1) that the court erred in submitting as grounds for recovery the overloading and negligent handling of the engine, the issue not being presented by the pleadings; and (2) the insufficiency of the evidence on the issues of the value of the property destroyed.

We think each of the assignments should be sustained. The plaintiff chose to allege that the specific cause of the fire was the negligence of the company in failing to provide and keep in repair suitable spark arresters. Under this allegation she was confined to the issue thus made, and it was error to submit as ground for recovery other grounds of negligence not covered by the pleadings. Gulf C. & S. F. Ry. Co. v. Johnson, 28 Texas Civ. App., 395, 67 S. W. Rep., 182; Gulf C. & S. F. Ry. Co. v. Pool, 10 Texas Civ. App., 682; Johnson v. Railway Co., 27 Texas Civ. App., 616, 4 Texas Ct. Rep., 24.

The only evidence as to the value of the property destroyed was the purchase price payable in installments. While the cost of property is admissible as a circumstance tending to show value at the time of destruction, we do not think it is sufficient, standing alone, to furnish the jury a basis for a verdict.

In view of another trial it is proper also to notice the complaint that the court imposed on the defendant the burden of proof to show by a preponderance of evidence that it was without negligence in the respect complained of, after the plaintiff had shown that the fire was set by sparks emitted by defendant's engine.

We understand the rule to be that when plaintiff thus makes a prima facie case it devolves on defendant to rebut it, but the burden of proof on the whole case does not shift. Gulf C. & S. F. Ry. Co. v. Johnson, 92 Texas, 591.

The other matters complained of, if error, are not likely to recur upon another trial, hence we do not dispose of them. For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*