### BURKE–SIMMONS CO. v. KONZ.
#### (No. 8199.)

(Court of Civil Appeals of Texas. Ft. Worth. May 29, 1915. Rehearing Denied July 3, 1915.)

LIS PENDENS &#8734;13—NOTICE OF PENDENCY OF ACTION—STATUTORY PROVISIONS.

Vernon's Sayles' Ann. Civ. St. 1914, arts. 6837–6839, authorizing notice of pendency of any suit involving title to real estate, and providing that the pendency of a suit shall not prevent effective transfers to a third person, unless notice shall have been properly filed, supersede the common-law rule, and a judgment canceling vendor's lien notes is not binding on a transferee of the notes not a party to the action and not appearing therein, where the transfer was made prior to the action, though the transfer was not filed for record until thereafter but before judgment, and where plaintiff therein did not file notice of lis pendens.

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. § 23; Dec. Dig. &#8734;13.]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by Paul Konz against the Burke-Simmons Company and others. From a judgment for plaintiff, defendant named appeals. Affirmed.

Kearby & Kearby, of Comanche, for appellant. W. T. McPherson, of Comanche, for appellee.

BUCK, J. The appellee, Paul Konz, filed this suit against the Burke-Simmons Company, a corporation, and W. H. Everidge, and J. J. Pitts. The petition contained two counts, the first in trespass to try title for the lot in controversy, and the second alleging that plaintiff was the owner of three certain vendor's lien notes executed by one G. B. Moore to H. B. Cox, and due, respectively, January 1, 1907, 1908, and 1909, with interest and attorney's fees, which notes were

---

given as a part of the purchase money for a certain lot located in the town of Comanche, and were duly transferred by an instrument in writing to appellee by said Cox. Said count further alleged that the Burke-Simmons Company and J. J. Pitts were in possession of said property claiming same under mesne conveyances from G. B. Moore, and that W. H. Everidge was asserting some sort of claim thereunder, which was inferior to the claim of the plaintiff. The Burke-Simmons Company answered, denying the plaintiff's count in trespass to try title, and, as to the second count, admitting that H. B. Cox conveyed the land in controversy to G. B. Moore, and that defendant Pitts acquired the land by mesne conveyance from G. B. Moore, and that the defendant Burke-Simmons Company acquired the same from Pitts for a valuable consideration on June 3, 1913. It further alleged that said defendant Burke-Simmons Company was the legal and equitable holder and owner of said property. It further pleaded, in the way of a special answer, that on April 8, 1913, defendant Pitts sued H. B. Cox in the district court of Comanche county in trespass to try title for the property in controversy and to cancel said notes and the lien declared on by plaintiff and to remove the same as a cloud on his title; that Cox was duly served with citation, and on April 19th filed his disclaimer therein, and on April 23d the court rendered its judgment for the said Pitts, sustaining the plea of limitation, the said Pitts having alleged that said notes were more than four years past due, and having specially pleaded the statute of limitations of four years; and the court finding that said Cox was the record holder and owner of said notes and lien, and that said Pitts was the owner and holder in fee simple, it rendered judgment canceling said notes and awarding recovery of said property to the said Pitts, and divesting said Cox of all title therein; and further pleaded that said judgment was a valid and subsisting judgment; that at the time of the filing of said suit, and up to the filing of the disclaimer therein of said Cox, said Pitts had no notice that the plaintiff in this suit, Paul Konz, had purchased or claimed any of said vendor's lien notes executed to said Cox, and that the transfer thereof was not recorded until after the filing of said suit by said Pitts; and alleging that said Konz had actual notice of the pendency of said suit to cancel said notes and lien against said Cox, and that said Konz was a purchaser pendente lite, and defendant Burke-Simmons Company pleaded such facts and judgment as an estoppel and res adjudicata of the plaintiff's right to recover in this case. The defendant Pitts adopted the pleadings of the defendant (Burke-Simmons Company) in so far as same applied to him, and the defendant (Everidge) filed his plea tendering the question of boundary only as to himself.

Trial was before the court without the aid of a jury, and resulted in a judgment for the plaintiff as prayed for, and correcting the boundary as to W. H. Everidge as prayed for by him. The defendant (Burke-Simmons Company) alone appeals.

No statement of facts appears in the record, but the court filed his findings of fact and conclusions of law, which, for the sake of brevity, we will give, in substance, as follows:

(1) That H. B. Cox is the common source of title.

(2) That on February 20, 1906, said Cox, by a deed of that date, sold to G. B. Moore the lot described in plaintiff's petition, and that said Moore executed to said Cox three certain vendor's lien notes of even date therewith, each for the sum of $116.66, and bearing 10 % interest from date until paid, etc., it being provided in said notes and said deed that the vendor's lien was expressly retained to secure the payment of said notes.

(3) That on October 23, 1910, for a valuable consideration, said Cox, by an instrument in writing of said date duly acknowledged, transferred to Paul Konz said three notes mentioned above, and all the interest that said Cox had in said land and premises by virtue of his being the original vendor in said deed to Moore, and the payee and legal holder and owner of said vendor's lien notes at the time of said conveyance, and that said Konz is the legal holder and owner of said notes under said conveyance recorded in the deed records of Comanche county.

(4) That G. B. Moore by mesne conveyances transferred said property above described to defendant Pitts, who was the owner of the legal title to said property on April 8, 1913, subject to the payment of the vendor's lien notes heretofore mentioned, which he (Pitts) assumed to pay.

(5) That on said April 8th said Pitts instituted a suit in the district court of Comanche county against said Cox as defendant, alleging substantially as pleaded by defendant Burke-Simmons Company in its answer; that on said April 8th citation was issued in said cause and served on said Cox on April 9th, the regular term of court convening on April 21st, and due return was made of said citation, and on April 19th the said Cox filed his answer and disclaimer in said cause, disclaiming any right, title, or interest in said cause of action, and alleging the sale and transfer of said vendor's lien notes to Paul Konz, of Martin county, Tex.; that on April 23d judgment was rendered in favor of said Pitts and against said Cox, whom the court found to be the record owner of said three notes, and that said notes were barred by the statute of limitation of four years, and that said Pitts was the owner in fee simple of said land, and that said notes constituted a cloud on plaintiff Pitts' title, and judgment was rendered for said plaintiff and against said Cox, canceling and holding for naught said vendor's lien notes, and the lien retained in said notes, quieting the title of said Pitts, and divesting all the right, title, and interest and lien of said Cox by virtue of being the owner of said three notes and the payee thereof, and the holder of the legal superior title of said land, out of the said Cox, and vesting the same in said Pitts.

(6) That said judgment has never been appealed from, set aside, annulled, or vacated in any manner, but remains a valid and subsisting judgment of said court.

(7) That the property in controversy in that suit is the same property in controversy in this; and that J. J. Pitts mentioned in that suit is the same as the J. J. Pitts mentioned in this; and that the defendant H. B. Cox mentioned in

that suit is the same as the H. B. Cox mentioned in this.

(8) That the transfer of said vendor's lien notes and superior title from Cox to Konz, heretofore mentioned, was not filed for record in Comanche county until April 18, 1913; and that the said Pitts at the time of the institution of his suit against Cox had no notice of such transfer of said notes from or by Cox, and did not know thereof until such instrument was filed for record as aforesaid, and brought said suit believing said Cox was the owner of said notes.

(9) That, at the time of the filing of said suit by Pitts against Cox, said Pitts had contracted to sell the lot in controversy to the Burke-Simmons Company, if the cloud could be removed from his said title; and that after the rendition of said judgment, to wit, on June 23, 1913, in order to settle an indebtedness owing by said Pitts to the said Burke-Simmons Company, the said Pitts, joined by his wife, by deed of that date, duly acknowledged, conveyed the property in controversy to said Burke-Simmons Company, which went into possession of the same under said deed and has since continued therein.

(10) That Paul Konz was not a party to the suit between Pitts and Cox, and was not served with process therein, and did not appear in said cause, either in person or by attorney, and that the only notice that said Konz had of said suit was a letter written by H. B. Cox to Paul Konz subsequent to the service of citation therein on H. B. Cox and prior to the filing of said instrument for record on April 18, 1913, notifying said Konz of the institution of said suit.

Therefore the court concluded, as a matter of law, that the defendant (Burke-Simmons Company) could not be an innocent purchaser of the property in controversy for the reason—

(a) That it did not pay value in the sense that term is known in the law in connection with the term "innocent purchaser," having credited the purchase price in the deal with Pitts on his indebtedness to it then existing.

(b) That defendant knew from the record when the deal was made with Pitts that these notes were outstanding, and it knew and Pitts knew on April 18th, when the transfer of the notes from Cox to Konz was recorded, five days before the judgment was rendered in Pitts' favor, that Cox did not own the notes in question, but that plaintiff did, and that both Pitts and defendant knew from the record and from Cox's pleadings in the case that he did not own the notes at the time of judgment, but that Konz did.

(c) That Konz, not having been made a party to the case of Pitts v. Cox, is in no way bound by the judgment rendered therein, and that as a matter of law said judgment as to him was a nullity; and that, therefore, the only title defendant (Burke-Simmons Company) obtained from Pitts was subsequent (subject) to the notes of plaintiff which Pitts had assumed to pay in his deed, and, defendant not having elected to pay off these notes, plaintiff is entitled to recover the land in this suit.

We adopt the court's findings of fact as our own. Appellant makes no objections to the findings of fact by the trial court, but says that the same require a judgment in its favor, and that the failure of the plaintiff to file for record his transfer of the notes from Cox prior to the institution of the suit by Pitts against Cox, and the fact as found by the court that Pitts at the time of the institution of his suit against Cox had no knowledge of Cox's having transferred said notes and lien, constituted plaintiff a purchaser pendente lite, and that, therefore, he is bound by the judgment rendered in the Pitts v. Cox Case, and that said judgment is res adjudicata of all questions therein involved and the question of title to the land involved in this suit.

We do not think that plaintiff was a purchaser of said notes pendente lite, he having purchased the same long prior to the institution of the suit of Pitts v. Cox, and the plaintiff in said suit having notice, at least five days before the rendition of the judgment therein, that Cox was not the owner of said notes or the superior title retained, but that Konz was the owner thereof.

Even if the holding in the case of Bryson & Hartgrove v. Boyce, 41 Tex. Civ. App. 415, 92 S. W. 820, cited by appellant, and which, upon the pertinent point, is to the effect that "where plaintiff, in a suit involving the title to certain land contracted to be conveyed by the defendant in such action to another by an unrecorded contract, had no notice thereof at the time suit was brought, the purchaser under such contract would be regarded as a purchaser pendente lite," be conceded to be expressive of the common-law doctrine of lis pendens, and perhaps applicable to an unrecorded executory contract to convey land, we think that the question presented to us in the instant case is answered by statutory provision.

In 1905 the Legislature assumed to prescribe what steps should be taken by one seeking to bring into operation the protection of lis pendens, and provided that:

"During the pendency of any suit or action, legal or equitable, involving the title to real estate, or seeking to establish any legal or equitable estate, interest or right, present or future, vested or contingent, therein, or to enforce any lien, charge or encumbrance against the same, any party plaintiff, as also any party defendant, seeking affirmative relief therein, may file with the county clerk of each county, where such real estate, or any part thereof, is situated, a notice of the pendency of such suit, to be signed by the party filing the same, or his agent or attorney, setting forth the number and style of the cause, the court in which pending, the names of the party thereto, the kind of suit, and a description of the land affected." (Vernon's Sayles' Tex. Civ. Stat. art. 6837).

Article 6838 directs how such "lis pendens record" shall be kept by the county clerk. Article 6839 is as follows:

"The pendency of such suit or action shall not prevent effective transfers or encumbrances to a third party for a valuable consideration, and without other notice, actual or constructive, by a party to the suit of any such real estate as against a subsequent decree for the adverse party, unless such notice shall have been properly filed under the name of the party attempting to transfer or encumber in the county or counties, in which said land is situated."

The Legislature having assumed to legislate upon the question of lis pendens, and to prescribe steps to be taken and rules to be observed, in order that a litigant, in a suit involving title to land, may invoke its protecting ægis, so far as the statutory regulation extends, in our opinion it supersedes

and limits the common-law rules theretofore prevailing with reference thereto. Therefore we think that, in order for the question of lis pendens to become an issue in this case and before this court, it would have to affirmatively appear that, in the suit of Pitts v. Cox, the notice of lis pendens was filed prior to the registration of the transfer of the vendor's lien notes from Cox to Konz. No presumption will be indulged in favor of the doctrine of lis pendens, and hence a person claiming the benefit of the rule has the burden of clearly bringing his case within the rule. Cyc. vol. 25, 1486, and authorities cited.

There is nothing in the court's findings of fact, or even in the pleadings of the defendants, to suggest that the statutory requirements had been complied with by Pitts in that suit.

Finding no error, the trial court's judgment is affirmed.