MILLER et al. v. POULTER.   (No. 8439.)*

(Court of Civil Appeals of Texas. Ft. Worth. July 1, 1916. On Motion for Rehearing, Nov. 4, 1916.)

1. EVIDENCE ☞419(2) — PAROL EVIDENCE — CONSIDERATION OF DEED.

As between the parties to a deed, parol evidence is admissible to vary or controvert recitals as to the nature or amount of the consideration.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1912; Dec. Dig. ☞419(2).]

2. TRESPASS TO TRY TITLE ☞16—DEFENSES— PAYMENTS OF PURCHASE MONEY.

A vendor's action of trespass to try a title for default of payment of purchase money may be defeated by tender of the unpaid purchase money, or by showing that no part of the purchase money remains unpaid.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 20, 23; Dec. Dig. ☞16.]

3. BILLS AND NOTES ☞537(6) — PURCHASER WITH NOTICE—QUESTION FOR JURY.

Where one who had bought a note and vendor's lien from one who had brought suit on the note, in which suit defendant had answered, setting up defenses, thereafter intervened in such suit as plaintiff, the question of his notice of defenses to the note was for the jury, it being error to peremptorily instruct for him, even if he were not chargeable with such notice under the lis pendens statute (article 6837, Vernon's Sayles' Ann. Civ. St. 1914).

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1879; Dec. Dig. ☞537(6).]

4. TRESPASS TO TRY TITLE ☞41(1) — EVIDENCE—WEIGHT.

In action of trespass to try title to land on the ground of nonpayment of balance of purchase money, secured by vendor's lien and evidenced by a note, where there was no evidence save a recitation in the deed of the land to contradict defendant's pleading and testimony that the note was not part of the consideration for the land, but that the recitation was inserted in the deed, unknown to defendants, upon an exchange of lands with plaintiff's assignor, and it did not appear that the deed was introduced especially for the purpose of this evidence, the probative force of the recitation, although sufficient to make prima facie proof, was so weak that it should not be considered as any evidence in contradiction of the otherwise undisputed testimony that the note was not given as part of the purchase price, and verdict should have been directed for defendants.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 62; Dec. Dig. ☞41(1).]

5. EVIDENCE ☞75—PRESUMPTIONS—FAILURE TO PRODUCE EVIDENCE.

Where a plaintiff did not seek to contradict defendant's testimony denying the whole basis of his cause of action, the presumption arose that he had no testimony to controvert it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 95; Dec. Dig. ☞75.]

Buck, J., dissenting.

Appeal from District Court, Tarrant County; B. M. Terrell, Judge.

Action by W. J. Mays against Mrs. V. F. Miller and others, in which W. E. Poulter intervened. From judgment for intervener and plaintiff, defendants appeal. Reversed and rendered.

Jas. C. Scott, of Ft. Worth, for appellants. John L. Poulter, of Ft. Worth, for appellee.

BUCK, J. On November 4, 1914, W. J. Mays filed suit against Mrs. V. F. Miller and her husband, C. O. Miller, alleging that theretofore, on March 20, 1914, the defendants had executed to plaintiff their promissory note of even date, and due October 1, 1914, for the sum of $908, with interest at 10 per cent., and providing for the usual attorney's fees. He further alleged that said note was secured by a vendor's lien upon certain described real property situated in Tarrant county. On October 8, 1915, by an amended petition, he presented a cause of

action in trespass to try title to the same land, and alleged, in addition to his action against the Millers, that Mrs. M. P. Ferguson was setting up some kind of a claim against said property, which claim was inferior to the plaintiff's, and prayed that she be made a party to the suit, and that his title be quieted. He further alleged that since the filing of the original petition, the defendant Mrs. Miller had filed an original answer pleading coverture, and, further, he pleaded that defendant C. O. Miller was insolvent and had secretly left the country and the jurisdiction of the court. In a second count in his petition, he pleaded the execution by the Millers of the note hereinabove described, and that said note was executed in part payment for the property described in his petition, and that by reason of the failure of the defendants to pay said note and the plea of coverture of the defendant, Mrs. V. F. Miller, plaintiff had elected to declare said land forfeited and the sale thereof rescinded, and sued for the title and possession of said land. On October 8, 1915, W. E. Poulter intervened in a petition, the first count of which was in form of trespass to try title as against the plaintiff and the three defendants mentioned. In the second count he pleaded the execution by the Millers of the note described, and that on October 4, 1915, the said W. J. Mays, being then the legal owner and holder of said note and of the superior title to said land, rescinded said sale of said land to Mrs. Miller because of nonpayment of said note, and on said date sold and conveyed said property to the intervener for a valuable consideration; that thereby intervener became the legal owner and holder of the vendor's lien note and of the said land and the superior title thereto. He further alleged that Mrs. Ferguson was asserting some claim of lien on the land described in the petition, but that said claim of lien was inferior to the claim of the intervener. In the intervener's plea there was an allegation as to Mrs. Miller's plea of coverture and C. O. Miller's insolvency, etc., as set out in plaintiff's amended petition. Intervener prayed for title to and possession of the land, and, in the alternative, that he have judgment against both Millers for his debt and costs and for a foreclosure of the vendor's lien against all parties, and that he have a personal judgment against each of the Millers.

In defendants' reply to plaintiff's amended petition, they excepted to so much of the plaintiff's petition as pleaded a cause of trespass to try title, on the ground that he had elected his remedy and was estopped from changing his action to one of trespass to try title. In this answer, Mrs. Miller further pleaded coverture at the time of the execution of the note, and denied that said note was based upon any valuable consideration,

and asserted that said note was no part of the consideration of the value of the land conveyed. She alleged that defendants and plaintiff exchanged lands on or about March 20, 1914, and each assumed the former liens on the respective parcels; that plaintiff drew all necessary papers, and defendants paid plaintiff for the land in full, and that plaintiff wrongfully and without defendants' knowledge inserted in the deed the execution and the existence of the note for $908. Other pleas were made by the parties hereto, but perhaps it will only be necessary to state that Mrs. Ferguson contented herself with filing a disclaimer and denied the existence in favor of plaintiff of any debt secured by the lien on the property described. In the trial she asked for a peremptory charge in her favor against plaintiff and intervener, which the court refused.

The court gave a peremptory charge, instructing a verdict in favor of the intervener for the title and possession of the lands described, against the plaintiff and all parties defendant. Upon the verdict returned by the jury, in response to said peremptory instruction, judgment was rendered for intervener, Poulter, for the title and possession of the land against plaintiff and parties defendant; and in favor of the defendant Mrs. Ferguson on her disclaimer for costs; and in favor of plaintiff and intervener against the Millers for their costs. From this judgment the defendants have appealed.

[1] As heretofore stated, defendant Mrs. V. F. Miller pleaded her coverture as a defense against any personal judgment against her, and also pleaded that the note was not given as any part of the consideration for the land conveyed. Her coverture was also admitted by plaintiff and intervener. She testified that she was a married woman, wife of C. O. Miller, at the time the note was given, and that the note was not given for supplies for herself or her children, nor for the benefit of her separate estate, nor was it given for any part of the purchase price for the land conveyed by plaintiff to her. We are not able to understand upon what theory the court gave a peremptory instruction in the face of this record. Mrs. Miller's testimony as to her coverture was uncontradicted, and was, as shown, conceded by all parties. Her testimony to the effect that the note was not given for necessaries for herself or children, or for the benefit of her separate estate, was not denied, nor was her testimony to the effect that the note was not given for any part of the purchase price for the land denied, except so far as it was put in issue by the introduction of the deed containing the recitations as to the execution of the vendor's lien note and the reservation of the vendor's lien to secure the same. It is a well-established rule of evidence that the consideration for the conveyance of land may be inquired into and, as between the parties to a deed, parol evidence is admissi-

ble to vary or controvert the recitations of a deed as to the nature or amount of the consideration. Lanier v. Foust & Douglass, 81 Tex. 186, 16 S. W. 994; McLean & Curry v. Ellis, 79 Tex. 398; Taylor v. Merrill, 64 Tex. 494; G., H. & S. A. R. Co. v. Pfeuffer, 56 Tex. 66; Glenn v. Mathews, 44 Tex. 400.

[2] As between plaintiff and defendant, Mrs. Miller, under our law prior to 1913, her plea of coverture, supported by evidence, would constitute a complete defense to any personal liability on the note, even though it was given as a part consideration for the land. Speer's Law of Marital Rights, § 172, p. 224; Lynch v. Elkes, 21 Tex. 229; Noel v. Clark, 25 Tex. Civ. App. 136, 60 S. W. 356. Whether a different rule should control under the 1913 amendments to our acts pertaining to the rights and liabilities of married women, it is not necessary for us to here determine, for if the note represented no part of the purchase price, no vendor's lien was retained by the vendor, plaintiff, nor transferred by him under the deed to intervener, Poulter. At most it would be a contractual obligation on the part of Mrs. Miller, and the land could not be recovered by plaintiff or intervener in a trespass to try title suit. The right of a vendor to recover the title and possession of the land, independent of a foreclosure suit, rests on the theory that he retains the superior title until the purchase price has been paid in full. Lanier v. Foust, 81 Tex. 186, 16 S. W. 994; Hale v. Baker, 60 Tex. 217; Roosevelt v. Davis, 49 Tex. 463; Peters v. Clements, 46 Tex. 114, 123. But the vendee may defeat the action by tendering the unpaid purchase money. Baumgarten v. Smith, 37 Tex. 439; Peters v. Clements, 46 Tex. 114. Hence it follows that the vendee may defeat the action by showing that no part of the purchase price remains unpaid.

[3] As to the right of intervener to recover, under trespass to try title, he having purchased pendente lite, and evidently after the filing of defendants Miller's answer, containing the plea of coverture, and the plea that the note sued on was no part of the purchase price, if he would not be charged with notice of such defense pleaded, as held in Bryson & Hartgrove v. Boyce, 41 Tex. Civ. App. 415, 92 S. W. 820, by reason of the lis pendens statute enacted in 1905 (article 6837, Vernon's Sayles' Texas Civil Statutes), discussed in an opinion by this court (Burke-Simmons Co. v. Konz, 178 S. W. 587, writ denied), yet in the absence of a plea and proof of innocent purchaser, we are of the opinion that he would occupy no better position as to this defense on the part of the Millers than the plaintiff would. At any rate, the question of notice would be one of fact for the jury. Therefore we are of the opinion that the court erred in giving a peremptory instruction, and that appellants' seventeenth assignment, directed to this action, should be sustained.

[4] For the reasons indicated, we all concur in the conclusion that the judgment in this case must be reversed, but as to the further disposition of the case we are not agreed. The majority are of the opinion that the court erred, as complained in the fourteenth assignment, in not giving a peremptory instruction for defendants Miller. The deed from plaintiff to Mrs. Miller shows that the land was conveyed to her as her separate estate. No pleading or evidence contradicts this recitation in the deed. Nor, as before stated, is there any evidence, save the deed itself, to contradict Mrs. Miller's testimony to the effect that this note was no part of the consideration for the conveyance of the land. Plaintiff testified in the case, but was silent upon this vital issue. While the recitation in the deed that the note was given as part of the purchase price of the land was in evidence, by reason of the introduction of the deed in its entirety, yet it does not appear that the deed was introduced especially for this purpose. This recitation was denied by Mrs. Miller, both in her pleadings and in her evidence. Hence the majority conclude that the prima facie proof of this fact by virtue of the recitations in the deed was overcome, and that the probative force of the recitation is so weak that it should not be considered as any evidence in contradiction of the otherwise undisputed testimony to the effect that the note was not given as part of the purchase price. First State Bank v. Jones, 183 S. W. 874, 877; Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059; Texas Loan Agency v. Fleming, 92 Tex. 458, 49 S. W. 1039, 44 L. R. A. 279; Radley v. Knepfly, 104 Tex. 134, 135 S. W. 111; Cobb v. Bryan, 37 Tex. Civ. App. 339, 83 S. W. 888. In First State Bank v. Jones, supra, it was held by the Supreme Court that a recital of payment in a release could not overcome abundant other evidence, showing that such recital was inserted through mutual mistake. In the cited case, the instrument containing the recital was executed by the bank, which was seeking to avoid the force and consequences of such recital, and therefore it was in the nature of an admission against interest, yet the Supreme Court, in reversing the trial court and this court (171 S. W. 1057), held as stated. In the present case the recital supports the contention of both plaintiff and intervener that the note was in fact given as part consideration for the purchase of the land. The majority conclude that the court should have given defendants' requested charge, and that the judgment must be here rendered for the Millers.

[5] The fact that neither the plaintiff nor the intervener in any way sought to contradict Mrs. Miller's testimony upon this point raises the presumption that they had no testimony to contstrovert it. 13 Encyc. Dig. Tex. Reports, 1248–1250; Railway Co. v. Day, 104 Tex. 237, 136 S. W. 435, 34 L. R. A. (N. S.) 111; Bailey v. Hicks, 16 Tex. 222; G., H. &

S. A. Ry. Co. v. Young, 45 Tex. Civ. App. 430, 100 S. W. 993.

The writer, while recognizing the force and apparent application of the authority of First State Bank v. Jones, supra, yet feels that in that case the Supreme Court has extended the application of the rule laid down in Joske v. Irvine, supra, that it is the duty of the court to instruct a verdict though there be slight testimony to the contrary, if its probative force be so weak that it at most raises a mere surmise or suspicion of the existence of the fact sought to be established. While recognizing the soundness in law of the rule laid down in Joske v. Irvine, yet the writer is of the opinion that it should not apply in the instant case. In addition to the authorities cited by Associate Justice Dunklin in the opinion by this court in Bank v. Jones, 171 S. W. 1057, 1060, and the authorities cited in the dissenting opinion of Associate Justice Hawkins in 183 S. W. 878, there might be cited, upon the questions: (1) That recitation in the deed as to the nature and character of the consideration is sufficient to establish prima facie proof of the truth of the facts recited; and (2) that, the evidence upon an issue being conflicting, neither the trial court nor an appellate court ought to deprive a litigant of the constitutional right to have the issue of fact determined by a jury—the following authorities: (1) 8 R. C. L. p. 971, §§ 43, 44; Lanier v. Foust, 81 Tex. 186, 189, 16 S. W. 994; Gilpin v. M., K. & T. Ry. Co., 197 Mo. 319, 94 S. W. 869, 871, defining the expressions "prima facie case" and "prima facie evidence"; Railway Co. v. Johnson, 92 Tex. 591, 50 S. W. 563; Railway Co. v. Moss, 37 Tex. Civ. App. 461, 84 S. W. 281. (2) Wininger v. Railway Co., 105 Tex. 56, 143 S. W. 1150; Cartwright v. Canode, 106 Tex. 507, 171 S. W. 696; St. L. S. W. Ry. Co. v. Thompson, 108 S. W. 453, 461; Red River National Bank v. De Berry, 47 Tex. Civ. App. 96, 105 S. W. 998, 999.

But the majority being of the opinion that the judgment should be reversed and here rendered for the appellants Miller, it is so ordered. It is further ordered that the appellee, Mrs. M. P. Ferguson, recover her costs in this court and in the trial court.

### On Motion for Rehearing.

Appellee urges that in our original opinion we erred in two respects: (1) In holding that the exception to the general rule inhibiting the variance by parol of the terms of a written instrument applied in the instant case, for the reason, as claimed by appellee, that such exception obtains only when the consideration expressed is merely formal, and not when the consideration is contractual; (2) that even though it might be properly held that such exception should obtain, yet, inasmuch as the evidence put in issue the

question of what was the real consideration for the conveyance, the majority, at least, erred in holding that a peremptory instruction should have been given for defendants, and in rendering judgment for them.

Taking up these two propositions in their order, we will discuss them briefly. It will be remembered that the defendants Miller pleaded that the consideration for the execution of the recited vendor's lien note was not the conveyance of the land by plaintiff, but was in fact the promised legal services to be rendered by plaintiff. They alleged the refusal and failure of plaintiff to render such legal services. They further alleged that:

"The note was wrongfully and fraudulently inserted in the deed without the knowledge of the defendants for a long time afterwards, and defendants repudiated and refused to pay the note, because it was wrongfully inserted in the deed as a part of the purchase price of the land described in plaintiff's pleadings."

It was further alleged that intervener acquired any rights that he might have, or might claim, after notice of defendants' defenses, which latter plea the evidence supports, and we do not understand that intervener seriously contends otherwise. Therefore a defense, good as against plaintiff, would be available as against intervener. Since intervener's right to recover the land, as the holder and assignee of the superior title, was dependent upon the establishment of the contention that a part, at least, of the purchase price had not been paid, his right of recovery would fail, if it should be shown that the real consideration moving to the defendants for the execution of this note was not the conveyance of the land, and particularly so if it should be established that the real consideration had failed. The evidence is abundant to at least put in issue the question of consideration. And the defendants' pleadings, recited above, justify the admission and consideration by court and jury of such evidence. Though there may be said to be some conflict of authority upon the question of whether or not a written contract may ever be varied in terms by parol when the obligation sought to be affected is contractual, in the absence of fraud, accident, or mistake, yet there is no real conflict where fraud, accident, or mistake has been pleaded, and where the admitted parol evidence tends to establish such allegation. 20 Cyc. 112, § 2; 1 Greenleaf, § 284; Bishop on Contracts, § 169. It also has been held by our Supreme Court in Taylor v. Merrill, 64 Tex. 494, that it is not necessary for allegations of fraud, accident, or mistake to be made to account for the failure to express the full consideration, when the allegation has been made that part of the consideration for the conveyance of land had failed; that, as between the parties, parol evidence is admissible to show that the vendor had falsely represented certain improvements, etc., were on the land, and that such constituted a part of the considera-

tion. See, also, Paris Gro. Co. v. Burks, 99 S. W. 1137. Hence we adhere to our views expressed in our original opinion upon the first proposition presented.

As to the second proposition urged, to wit, that in any event we should have reversed and remanded the cause instead of rendering judgment for defendant, the writer is still of the opinion heretofore expressed. In addition to the authorities cited in the original opinion in support of his expressed dissent, there might be mentioned Crenshaw v. Claybrook, 11 S. W. 536; Neese v. Riley, 77 Tex. 348, 14 S. W. 65; Behrens v. Dignowitty, 4 Tex.Civ.App. 201, 23 S.W. 288. But the majority still are of the opinion previously expressed, and appellee's motion is hereby overruled.

BUCK, J., dissents.