POULTER v. MILLER et al. (No. 148–3097.)

(Commission of Appeals of Texas, Section A. May 26, 1920. )

1. Trial ⚖️140(1)—Credibility of testimony for the jury.

It is the province of the jury to determine the credibility of the testimony.

2. Evidence ⚖️590—Interest of witnesses considered in determining credibility.

The jury in determining the credibility of the testimony may consider the interest of the witnesses.

3. Evidence ⚖️589—Defendant's denial of recitals of note and deed by purchaser, though otherwise not contradicted, held not conclusive.

Purchaser's uncorroborated testimony that note was not a part of the purchase price and that recitals in note and deed to the contrary were made wrongfully and without her consent by vendor, who was intrusted with the drafting of the deed, though not contradicted except by the recitals themselves, *held* not conclusive that note was not part of purchase price; the purchaser being an interested witness, and the jury being therefore warranted in rejecting her testimony.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by W. J. Mays against Mrs. V. F. Miller and another, in which W. E. Poulter intervened. Judgment was rendered for intervener and plaintiff and was reversed and judgment rendered for defendants by Court of Civil Appeals (189 S. W. 105), and intervener brings error. Judgment of the Court of Civil Appeals and of the district court reversed, and cause remanded.

Jno. L. Poulter and Graves & Houtchens, all of Ft. Worth, for plaintiff in error.

Jas. C. Scott and V. F. Miller, both of Ft. Worth, for defendants in error.

SPENCER, J. The suit was instituted by W. J. Mays to recover of Mrs. V. F. Miller, defendant in error, and husband, C. O. Miller, the amount of a promissory note and to foreclose the vendor's lien, claimed as security for the payment of the note, upon the lands described in the note and in the deed executed by Mays.

In the first count of an amended petition filed October 8, 1915, he changed the action to one in trespass to try title, and alleged that Mrs. Miller had pleaded coverture to the action set forth in the original petition, and that C. O. Miller, an insolvent, had secretly left the jurisdiction of the court. In the same count he charged that Mrs. M. P. Ferguson, defendant in error, was claiming some

interest in the land, and prayed that she be made a party to the suit, and that he be quieted in his title.

In the second count he alleged that the Millers had executed the note in part payment of the land described in the petition and that by reason of their failure to pay it, and of Mrs. Miller's plea of coverture, he had elected to declare the land forfeited and the sale rescinded, and to sue for title and possession of the same.

October 8, 1915, W. E. Poulter, plaintiff in error, intervened; the first count of the petition being an action in trespass to try title against Mays and the three defendants. In the second count he alleged the execution of the note, the rescission of the contract for the sale of the land by Mays on account of nonpayment of the note, and the purchase of the note by him for a valuable consideration from Mays.

He made similar allegations as to the plea of coverture by Mrs. Miller, the insolvency of C. O. Miller, and the claim of Mrs. Ferguson, as did Mays in his amended petition. The prayer of his petition was for title and possession of the land, and in the alternative for judgment against the Millers for the debt and for a foreclosure of the vendor's lien against all the parties.

Mrs. Miller, in answer to the merits of plaintiff in error's plea of intervention, alleged that she and her husband exchanged lands with Mays and each assumed the liens on the respective parcels, but that the note was no part of the consideration of the exchange of properties, but that Mays, who was intrusted with drafting the deeds of exchange, wrongfully and without their consent inserted in the deed and note the recitations creating the lien. Mrs. Ferguson filed a disclaimer, but, upon failure of plaintiff or intervener (plaintiff in error here) to introduce any evidence in support of the allegation that she was claiming an interest in the land, requested an instructed verdict in her favor.

The court instructed the jury to find for the plaintiff in error, for the title and possession to the land in question against Mrs. V. F. Miller, C. O. Miller, and Mrs. M. P. Ferguson, and W. J. Mays, and judgment was rendered upon the verdict returned.

The evidence of plaintiff in error consisted of the deed conveying the land in question from Mays to Mrs. V. F. Miller and C. O. Miller, containing the recitation that "the balance of said consideration herein is evidenced by one promissory vendor's lien note of even date herewith in the sum of $908.00 with 10 per cent. interest thereon, and due October 1, 1914," and the note described in the deed containing a recitation that it was given in part payment of the land in question, and that a vendor's lien was retained upon the land to secure its payment.

The evidence of Mrs. V. F. Miller consisted of the contradiction of the recitation in the note and deed to the effect that the note was in part payment of the purchase price of the land in question.

The majority of the Court of Civil Appeals were of opinion that the prima facie proof of the recitation contained in the deed and note —that the note was a part of the purchase price of the land—was rendered so weak by the undisputed evidence of Mrs. Miller contradicting the recitation as to deprive it of its probative value as evidence. The court reversed and rendered the judgment in favor of Mrs. V. F. Miller. 189 S. W. 105.

The fact that Mrs. Miller denied the recitations of the deed and note, as to the consideration for which the note was given, did not necessarily destroy the probative force of the recitations, nor render these recitations valueless as evidence.

[1-3] It is the province of the jury to determine the credibility of the testimony introduced before them, and in reaching a conclusion they may consider the interest of the witnesses. They may, if they desire, believe the testimony of Mrs. Miller and base a finding thereon; but such testimony, although not contradicted except by the written instruments themselves, is not conclusive. As she was an interested witness, the jury would be warranted in rejecting her testimony, as it was uncorroborated and opposed to the written instruments purporting to be the agreement of the parties.

The case of First State Bank v. Jones, 107 Tex. 623, 183 S. W. 874, cited by the Court of Civil Appeals in support of its holding, is clearly distinguishable from the present case. The question there was whether the probative force of a recitation in the release executed by the bank was destroyed by the uncontradicted evidence of both parties to the instrument that the recitation was a mistake. The release recited that the note—which was secured by a deed of trust lien upon several tracts of land—held by the bank had been paid in full, but only a part of the land described in the deed of trust was released.

In the Jones Case the court held that the probative force of the recitation of full payment was rendered so weak by the uncontradicted evidence of the parties to the release as to deprive it of its probative force as evidence by a third party seeking to take advantage of it. In that instance the interested parties to the instrument testified the recitation was a mistake, while in this case only one party to the instrument declared it did not speak the truth.

It is recommended, therefore, that the judgment of the Court of Civil Appeals and the judgment of the district court be reversed, and the cause remanded to the district court for another trial.

PHILLIPS, C. J. We approve the judgment recommended in this case, and the holding of the Commission on the question discussed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes